## Bo BOSHEARS *v.*
## ARKANSAS RACING COMMISSION

75-179                                           528 S.W. 2d 646

Opinion delivered October 27, 1975

*McMath, Leatherman & Woods,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Lewis D. Smith,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. The appellant, Bo Boshears, was

an employee of the Arkansas Racing Commission and was injured when he was struck by an automobile as he was crossing the street on the way to his regular place of employment after going to a cafe to obtain some grapefruit juice to be consumed with his lunch.

Mr. Boshears filed a claim with the Workmen's Compensation Commission and the claim was denied by a Referee on the ground that he was not within the course of his employment at the time of his injury. The Referee's opinion was adopted word for word by the full Commission. He attempted to appeal the decision of the Commission to the Pulaski County Circuit Court and the appeal was denied because of the exclusive jurisdiction in the Workmen's Compensation Commission under Act 462 of 1949, Ark. Stat. Ann. § 13-1407 (Repl. 1968). Certiorari was then granted by the circuit court — the appellant contending that Act 462 was violative of the equal protection clause of both the Arkansas and the United States Constitutions. The circuit court found that Act 462 of 1949 was not in violation of the equal protection clause of the Arkansas Constitution, Art. 2, § 3, or the Fourteenth Amendment of the United States Constitution. The circuit court found the Act to be constitutional and the decision of the Workmen's Compensation Commission to be final.

It is apparently conceded in the case at bar that the claim against the Arkansas Racing Commission amounted to a claim against the state but the appellant contends that Act 462 of 1949 is unconstitutional, as above stated, because it denies a state employee the right to appeal from the decision of the Workmen's Compensation Commission; and, "constitutes an invidious discrimination that has no correct, reasonable and/or proper legislative policy of purpose to justify said exclusion. That said discrimination is arbitrary, capricious, and has no rational or compelling reason for its existence." The appellant contends that the right of appeal from a decision of the Workmen's Compensation Commission is "a fundamental right" and since state employees constitute a "suspect group," the state must prove an overriding state interest before it can deny such "fundamental right." The appellant then argues that there was no proof of such

overriding or compelling state interest offered in this case.

Article 5, § 20, of the Arkansas Constitution provides as follows:

"The State of Arkansas shall never be made defendant in any of her courts."

Most of the cases coming before us involving Art. 5, § 20, *supra*, have to do with whether the particular suit actually amounts to a suit against the state, and in *Watson* v. *Dodge*, 187 Ark. 1055, 63 S.W. 2d 993, we held that any suit, whether in law or in equity, which has for its purpose and effect, directly or indirectly, of coercing the state is one against the state. In *Pitcock* v. *State*, 91 Ark. 527, 121 S.W. 742, 134 Am. St. 88, we held that the trial court acquires no jurisdiction where the pleadings show that a suit is in effect one against the state. The decisions in these cases are beside the point because, as already stated, it is not questioned that the *claim* in this case at bar was a *claim* against the state.

Claims against the state for personal injuries and property damage have been the subject of considerable legislation since the Legislature ceased dealing directly with such claims and transferred these duties to administrative boards such as the Special Claims Commission under Act 227 of 1935. The Special Claims Commission was later abolished by the creation of the State Board of Fiscal Control under Act 53 of 1945, which in turn was divested of its jurisdiction over claims against the state by the creation of a State Claims Commission under Act 276 of 1955, Ark. Stat. Ann. § 13-1401 (Repl. 1968). None of these Acts provided for judicial review but they were careful to avoid conflict with Art. 5, § 20, of the Constitution, *supra,* by language indicating exclusive jurisdiction in the administrative tribunal. The 1935 Act did provide that the action of the Commission "shall be subject to review only by bill in the General Assembly."

By Act 462 of 1949 as amended, and digested as Ark. Stat. Ann. § 13-1407 (Repl. 1968), the Arkansas Legislature set up a special fund in the state treasury from which to pay

claims allowed against the state to injured state employees and provided that the claims for injuries and death sustained by state employees while in the course of their employment with the state or any of its agencies, departments or institutions, arising out of or occurring within the course of such employment should be considered on the same basis and under the same provisions of the Arkansas Workmen's Compensation Act, as applied to injured employees in private industry and the duty of administering the Act was placed on the Workmen's Compensation Commission. This Act, § 13-1407, provides in part as follows:

"From the effective date of this act [March 19, 1963], the Workmen's Compensation Commission shall have *exclusive jurisdiction,* as herein limited, of all claims against the State of Arkansas and its several agencies, departments, and institutions, for personal injuries and deaths of employees and officers of the State of Arkansas and its agencies, departments and institutions, arising out of and in the course of employment or service, and occurring on or after the effective date of this act [March 19, 1963]. Awards for such injuries and deaths shall be made by the Workmen's Compensation Commission in the same amounts and on the same terms and conditions as if such injuries and deaths had arisen out of and in the course of private employment covered by the Workmen's Compensation Act [§§ 81-1301 — 81-1349] and the procedure to be followed in the presentation, hearing and determination of such claims shall in all respects be the same as in claims for compensation for injuries and deaths arising out of and in the course of private employment covered by the Workmen's Compensation Act, *except that the actions taken by the Workmen's Compensation Commission with respect to the allowance or disallowance of any claim, in whole or in part, shall be final and binding upon all parties thereto, and shall not be subject to judicial review.* The General Assembly shall at each biennial session appropriate, from such sources as it may see fit, a sum sufficient to satisfy such claims as are or probably will be payable during the following fiscal biennium under awards made under this section. The Workmen's Compensation Commission shall direct the

distribution of this fund and disburse same upon its vouchers issued against same.

There is hereby created in the Treasury of the State of Arkansas, a special fund to be known as the Workmen's Compensation Revolving fund. All sums appropriated by the General Assembly pursuant hereto shall be deposited by the State Treasurer to the account of this special fund. The Workmen's Compensation Commission shall draw all vouchers against this fund in payment of awards made by it under this act [§§ 13-1401 — 13-1413].

For the purposes of this act, the State of Arkansas shall be considered a self-insurer and shall be exempt from all fees and tax as such. [Acts 1949, No. 462, § 7, p. 1289; 1951, No. 373, § 3, p. 881; 1963, No. 521, § 1, p. 1611.]" (Emphasis added).

The Act further provides (§ 13-1409) that upon the allowance or disallowance of such claim the Workmen's Compensation Commission should immediately transmit a copy of its findings to the state comptroller (Director of Administration) and interested parties, and in the event that award should be made, the Workmen's Compensation Commission should immediately take the necessary steps to pay the award and all expenses incidental to such claims from any funds previously made available for such purpose.

The appellant's argument that § 13-1407, *supra,* violated "traditional" equal protection is without merit. In upholding the validity of a Sunday closing law, in the case of *McGowan* v. *Maryland,* 366 U.S. 420 (1961), the United States Supreme Court explained the "traditional" approach to equal protection as follows:

"Although no precise formula has been developed, the Court had held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrele-

vant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

Sovereign immunity question in the case at bar as embodied in Art. 5, § 20, *supra,* is very similar to that involved in the Illinois case of *Raschillo* v. *Industrial Commission,* 47 Ill. 2d 359, 265 N.E. 2d 663 (1970), and in that case the Supreme Court of Illinois said:

"The General Assembly drafted this statute which contained the distinction between State employees and private employees in accord with the doctrine of sovereign immunity. It cannot be said that the General Assembly in complying with the Illinois State constitutional doctrine of sovereign immunity created an invidious discrimination. The basis for the distinction between State employees and private employees being that of following such a constitutional mandate was wholly rational and did not contain arbitrary classifications so as to abridge the equal protection guarantee. . . ."

The appellant in the case at bar cites several cases under the Administrative Procedure Act, Ark. Stat. Ann. § 5-701, et seq. (Supp. 1973), wherein various state agencies were defendants in court action. In *Hickenbottom* v. *McCain, Comm'r of Labor,* 207 Ark. 485, 181 S.W. 2d 226 (1944), we pointed out that if the relief prayed should have been granted, it would have imposed no obligation on the state and, therefore, was not a suit against the state.

The appellant's contention that state employees belong to a "suspect class" and that the right of appeal is a "fundamental right" is also without merit. We may accept as valid the appellant's argument that legislation which establishes classification does not carry with it the presumption of constitutionality under an equal protection challenge *where the class it establishes is "suspect,"* and that in such situations the

state must demonstrate a compelling interest for the legislation. There are a number of court decisions that would tend to support the appellant in this argument such as race where the membership of the class is an accident of birth as in *Loving v. Virginia*, 388 U.S. 1 (1966); indigency as in *Griffin* v. *Illinois*, 351 U.S. 12 (1956); alienage as in *Graham* v. *Richardson*, 403 U.S. 365 (1971); illegitimacy as in *Gomez* v. *Perez*, 409 U.S. 535 (1973); and sex as in *Frontiero* v. *Richardson*, 411 U.S. 677 (1973). The appellant has cited no case and we have found none in which state employees as a class have been determined to constitute a class that is "suspect" within the context of appellant's argument. As to appellant's argument pertaining to a "fundamental" right to an appeal, the concept of "fundamental" right with respect to equal protection under the Fourteenth Amendment was considered by the United States Supreme Court in the case of *San Antonio School District v. Rodriquez*, 411 U.S. 1 (1973), where the court, quoting from *Shapiro* v. *Thompson*, 394 U.S. 618 (1968), said:

> " 'The Court today does not 'pick out particular activities, characterize them as 'fundamental' and give them added protection. . . .' To the contrary, the Court simply recognizes, as it must, an established constitutional right, and gives to that right no less protection than the Constitution itself demands.' "

In *Griffin* v. *Illinois, supra,* the United States Supreme Court said:

> "It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all."

See also *Blanc* v. *United States,* 244 F. 2d 708 (2d Cir. 1957) where, in refusing judicial review of an administrative denial of the appellant's claim under the Federal Employees' Compensation Act, the Court of Appeals for the Second Circuit said:

> "Though it may be informal, agency action which amounts to a genuine, fair consideration of a claim for benefits and not merely an arbitrary flouting of it,

satisfies constitutional requirements and precludes further court review. The appellant appeared by her attorney at the hearing before the Appeals Board. Its decision and order as filed contains a comprehensive statement of the facts and of its plausible reasons for the affirmance of the denial of the claim. By no stretch can it be fairly said that its action was arbitrary or capricious."

In the case of *Ortwein* v. *Schwab,* 410 U.S. 656 (1973), an Oregon statute required a $25 filing fee before a public welfare agency decision would be subject to judicial review. In upholding the Act under the due process clause, the United States Supreme Court said:

"These appellants have had hearings. The hearings provide a procedure, not conditioned on payment of any fee, through which appellants have been able to seek redress. This court has long recognized that, even in criminal cases, due process does not require a State to provide an appellate system. *McKane* v. *Durston,* 153 U.S. 684, 687 (1894); see *Griffin* v. *Illinois,* 351 U.S. 12, 18 (1956); *District of Columbia* v. *Clawans,* 300 U.S. 617, 627 (1937); *Lindsey* v. *Normet,* 405 U.S. 56, 77 (1972)."

We conclude, therefore, that Act 462 of 1949 as amended (§ 13-1407), simply makes the Arkansas Workmen's Compensation Commission a "claims commission" in connection with claims by state employees for injuries or death growing out of their employment by the state and provides that in administering its duties in connection with such claims, the Workmen's Compensation Commission shall apply the compensation law as it relates to private industry. We hold that Act 462 of 1949 does not violate the equal protection clauses of the Arkansas or United States Constitutions, and that the judgment of the circuit court should be affirmed.

The judgment is affirmed.