ARKANSAS COMMISSION ON POLLUTION
CONTROL AND ECOLOGY *v.*
LAND DEVELOPERS, INC.

83-310                                    680 S.W.2d 909

Supreme Court of Arkansas
Opinion delivered December 10, 1984
[Rehearing denied January 14, 1985.]

*Phillip Deisch* and *James M. McHaney,* for appellant.

*Philip W. Ragsdale,* and *Gibson, Ellis & Arnold,* for appellee Land Developers, Inc.

*Steve Clark,* Att'y Gen., by: *E. Jeffery Story,* Asst. Att'y Gen., for respondent Judge Cole.

WEBB HUBBELL, Chief Justice. Appellee, Land Developers, Inc., made application to appellant, Arkansas Department of Pollution Control and Ecology for a permit to operate a sanitary landfill. Appellant denied the application, and appellee appealed the decision to the Saline County Circuit Court.

In November, 1983, the trial court ordered that the matter would be heard de novo, that either party could supplement the record, and the court would accept such additional evidence as was properly offered. On February 24, 1984, the circuit court ruled that the appellant was without authority to deny the permit and that it should immediately issue the permit. Appellant argues, along with several other points for reversal, that the trial court erred in conducting a trial de novo. We agree and reverse and remand.

The circuit court ordered a trial de novo pursuant to Ark. Stat. Ann. § 82-1906 — Subdivision 7 (Repl. 1976) which provides:

> The appeal shall be heard and determined by the court upon the issues raised by the notice of appeal. . . . The court on its own motion or on application of any party may, in its discretion, take additional evidence on any issue of fact or may try any or all such issues de novo, but no jury trial shall be had.

Appellant argues that a *de novo* review is an infringement of executive discretion in violation of Article IV of the Arkansas Constitution. In *Goodall* v. *Williams,* 271 Ark. 354, 609 S.W.2d 25 (1980), we reviewed the issue of the constitutional propriety of de novo review of administrative action by the judiciary. In *Goodall* we said that the constitutional propriety of de novo review primarily turns upon the character and legal status of the affected interests. If

the interests are constitutionally or statutorily preserved, or preserved by private agreement, de novo review is appropriate. *Thornbrough* v. *Williams,* 225 Ark. 709, 284 S.W.2d 641 (1955). If the interests are less than fixed and their existence primarily depends on executive or legislative wisdom, de novo review is inappropriate. *Goodall* v. *Williams,* supra.

Appellant administers the Solid Waste Management Act, the purpose of which is to regulate the collection and disposal of solid wastes in a manner that will: a) protect the public health and welfare, b) prevent water and air pollution, c) prevent the spread of disease, d) conserve natural resources, and e) enhance the beauty and quality of the environment. Ark. Stat. Ann. § 82-2702 (Repl. 1976). Appellant's determination of the suitability of a site for a landfill falls within its proper police powers to protect the health, safety, and general welfare of the citizens of the state. Such a determination, similar to that for the issuance of a liquor license, is not a determination which is judicially cognizable since the effort to obtain a permit hinges on executive discretion. *Goodall* v. *Williams,* supra.

Mere ownership, or leasehold, of property which could be utilized for the conduct of business does not constitute a non-terminable right. *Blundell* v. *City of West Helena,* 258 Ark. 123, 522 S.W.2d 661 (1975). In *Wenderoth* v. *City of Forth Smith,* 251 Ark. 342, 472 S.W.2d 74 (1971), we said that a statute providing for de novo review of municipal zoning decision violates Article 4 of the Arkansas Constitution. For the same reasons, the right to operate a landfill must be precluded from de novo review.

We hold that Ark. Stat. Ann. § 82-1906-Subdivision 7 (Repl. 1976) is unconstitutional to the extent that it authorizes the circuit court to review de novo the appellant's decision. This does not mean that appellant's decisions are immune from appellate review. The circuit court has the power to grant relief in appropriate proceedings when the decision is arbitrary, capricious, or unreasonable, and to take additional evidence on any issue.

The trial court found that appellant had not adopted any procedure, rules, or regulations which afforded appellee due process. We agree with this finding. Our opinion should not be interpreted as a criticism of the circuit court which was operating under a presumptively valid statute, but since we hold de novo review constitutionally inappropriate, we must reverse and remand. The trial court should now remand appellee's application to appellant and mandate a complete and constitutionally appropriate proceeding.

Reversed and remanded.

HICKMAN and HOLLINGSWORTH, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. I would affirm because the attorney for the appellant said in oral argument that the constitutionality of the statute was not being challenged. That being so, I find no cause to reverse the circuit court's decision which is not clearly wrong.

I am authorized to state that Hollingsworth, J., joins in this dissent.