Lewis McCAMMON and Johnnie McCAMMON, and the BOARD OF ZONING ADJUSTMENT and BOARD OF ZONING and PLANNING COMMISSION *v.* Larry BOYER and Martha BOYER

84-255                                            686 S.W.2d 421

Supreme Court of Arkansas
Opinion delivered March 25, 1985

# ERRATA

*285 ARKANSAS REPORTS at page 288*

Detach at perforation, moisten the back, and paste over the sixth line up from the bottom of page 288 of *McCammon v. Boyer:*

 HEALTH AND WELFARE — Individual property rights are

*Gordon & Gordon, P.A.,* by: *Allen Gordon,* for appellants.

*Joe Cambiano, P.A.,* for appellees.

JOHN I. PURTLE, Justice. The circuit court on appeal reversed the decision of the Morrilton Planning and Zoning Commission. On appeal to this court the Commission argues: I) the trial court erred in receiving testimony outside the hearing before the Commission; II) the court erred in finding the Commission acted arbitrarily, capriciously or unreasonably; III) the court erred in finding that the Commission failed to consider the effect of the action taken on the neighborhood; IV) the court erroneously held the appellees had standing to appeal to the circuit court; and V) the court erred in holding part of the ordinance unconstitutional.

City of Morrilton Ordinance #10 of 1979 provided a procedure to follow in order to place a mobile home in an R-2 district, provided the neighbors within 300 feet of the proposed mobile home site are polled and not more than 20% of them object. Permission to place a mobile home in an R-2 district was granted to appellants McCammon on November 5, 1983. The proceedings of the Commisison were not

reported verbatim. The minutes were constructed in a narrative conclusional form which stated Ordinance #10 had been complied with so far as necessary in order to permit the variance. At the appeal hearing the court took testimony from the appellees and other witnesses. Some of the evidence considered was merely repetition of evidence presented to the Commission and some was new. The court looked behind the Commission's statement that the requirements of Ordinance #10 had been met. The appellees, who had not testified at all at the November 5, 1983, hearing before the Commission, were allowed to testify. The circuit court overruled the objection on standing of the appellees to appeal and held that the Commission did not poll the property owners within 300 feet of the site proposed for the mobile home. Additionally, the court held subsection three of Ordinance #10 was arbitrary for lack of guidelines for the Commission to make a proper determination.

Subsection 3 of Ordinance #10 reads as follows:

3. A mobile home may be placed in an R-2 district provided all conditions for placement in an R-3 district are met along with the following:

a. An application shall be filed with the City Building Inspector. Such application shall show the location, lot size, proof of lot ownership by applicant and any other information pertinent to the request.

b. The City Building Inspector shall poll property owners within a three hundred foot (300') radius of the desired location of the mobile home. Should not less than twenty percent (20%) of the neighboring property owners object to the placement of the mobile home, the application shall be disapproved.

c. After the above requirements are met, the applicant shall present all pertinent information to the Planning and Zoning Commission. The Commission shall review the application, the poll taken by the City Building Inspector, the effect of such proposed use on the character of the neighborhood,

the location of public utilities, all information presented at the public hearing and any other matters pertaining to the general welfare of the citizens of Morrilton and transmit its findings to the applicant within 45 days.

d.  Any mobile home in an R-1 or R-2 district may not be replaced with another mobile home unless a new application for permit is approved according to the above conditions.

We must first determine the standard of review in an appeal from a city commission such as the Board of Adjustment. Apparently the entire Planning Commission sat as the Board of Adjustment in the present case. The City of Morrilton followed the law in establishing its Planning Commission.

The General Assembly established the procedure for judicial review of actions taken pursuant to planning and zoning regulations. Ark. Stat. Ann. § 19-2830.1 (Repl. 1980). However, this court held the statutory procedure to be unconstitutional in the facts of *Wenderoth* v. *City of Ft. Smith,* 251 Ark. 342, 472 S.W.2d 74 (1971). *Wenderoth* basically held that the judicial review statute took away the discretionary power to perform legislative functions which the legislature gave to the cities by authorizing them to legislate in matters relating to planning and zoning regulations. Courts review such legislative enactments by municipalities only as to whether such actions are arbitrary or capricious. *Wenderoth,* supra. We again considered this subject in *City of Paragould* v. *Leath,* 266 Ark. 390, 583 S.W.2d 76 (1979). We cited *Wenderoth* and distinguished it, saying: "[T]he act here which provides for appeals from the Board of Adjustment is not subject to those constitutional limitations applicable to City Council actions in zoning because the Board of Adjustment acts administratively, not legislatively. Appeals to the circuit court from the Board of Adjustment are permitted."

The type of review from decisions of administrative agencies was considered by this court in *Goodall* v.

*Williams,* 271 Ark. 354, 609 S.W.2d 25 (1980) and in *Ark. Commission on Pollution Control & Ecology* v. *Land Developers, Inc.,* 284 Ark. 179, 680 S.W.2d 909 (1984) where we reviewed many of our earlier decisions. Both *Goodall* and *Land Developers* dealt with agencies exercising executive or legislative functions and both held that de novo review by the courts was improper. Although both cases cited *Wenderoth,* that case dealt with the legislative function of a city in exercising its delegated power to enact ordinances. Neither *Goodall* nor *Land Developers* is precedent for Planning Commission cases. *Wenderoth* declared the appeal provisions of Ark. Stat. Ann. § 19-2830.1 unavailable when applied to appeals relating to city ordinances because in such instances the action taken was legislative. However, the opinion expressly exempted the question of the constitutionality of the statute as it relates to city councils or other agencies acting in administrative or quasi-judicial capacities.

A common thread running through most of the above cited cases is that a trial de novo on appeal is improper and indeed unconstitutional if the objective of the appeal is to question legislative or executive wisdom. However, if the appeal involves a constitutionally or statutorily protected right or one preserved by private contract, then a trial de novo is proper. With this thought in mind we examine the facts of this case to determine to which category it belongs. The Planning Commission, sitting as a Board of Adjustment, has no power to legislate. The appellants and appellees dealt with the Commission on matters relating to the use of their properties. Relying upon the action taken by the Commission, appellants purchased substantial property. The Boyers already owned a home in the area. Individual property rights are secured by several provisions of our constitutions. Individuals are not constitutionally guaranteed the right to do with their property what they wish in all circumstances. The police power and health and welfare doctrines clearly mandate restrictions on ownership and use of property in such a manner as to prevent detriment to the rights of the public.

The record on appeal to the circuit court was com-

pletely inadequate to apprise the court of the manner and scope of the hearing before the Commission. The court was faced with the problem of returning the case to the Commission for a hearing or trying it de novo. When a record is completely inadequate or belies the truth there must of necessity be a remedy. Every person is entitled to a certain remedy for all injuries or wrongs suffered by him and he ought to obtain justice promptly and in conformity with the law. Ark. Const. Art. 2, § 13. If de novo review of actions by administrative boards and commissions were not allowed, a board or commission might act arbitrarily or unreasonably or even conceal the real facts and thereby protect such acts from proper review. Therefore, a de novo hearing on appeal is proper when the appeal is from actions taken by administrative boards, commissions and agencies exercising adjudicatory or quasi judicial functions.

An appeal from the Board of Adjustment is allowed by Ark. Stat. Ann. §§ 19-2829 and 19-2830.1. Although the latter does not authorize appeals contesting the validity of city ordinances, in *Leath* we held that the city had standing to appeal from a decision of a Board of Adjustment. Certainly the parties here have as much standing and should be allowed to take an appeal. In this case, the parties certainly consider themselves injured. We hold that the court had the power to grant a hearing de novo from the action by the Commission.

In holding a trial de novo it became unnecessary for the court to sua sponte hold portions of the ordinance unconstitutional. Therefore, the constitutionality of subsection 3 of Ordinance #10 should not have been addressed.

Affirmed.