The Honorable M. Dee Bennett, Ph.D. State Representative P.O. Box 17033 North Little Rock, Arkansas 72117
Dear Representative Bennett:
This official Attorney General opinion is rendered in response to a question you have raised concerning the right to appeal an administrative decision. More specifically, you indicate that your question relates to the Special Nutrition Program of the Department of Human Services. You state that certain providers in the program have been terminated from the program before appeal steps have been exhausted. Your question, rephrased, is:
 Does the termination of a provider in the Special Nutrition Program of the Department of Human Services before appeal steps are exhausted violate the "due process" principle of the 14th Amendment of the United States Constitution?
It is my opinion, as explained more fully below, that the constitutional principle of "due process" does not require that providers in the Special Nutrition Program be afforded an opportunity to appeal deficiency and termination decisions,[1] unless those decisions were based on unconstitutional grounds. However, because the right of appeal has been granted both by statute and by federal regulation, the Department of Human Services is bound by that grant and must honor providers' right of appeal.
It is well established that as a general matter, the principle of due process does not require that a right of judicial review be granted. InOrtwein v. Schwab, 410 U.S. 656 (1973), the United States Supreme Court stated:
 This court has long recognized that, even in criminal cases, due process does not require a State to provide an appellate system. McKane v. Durston, 153 U.S. 684, 687 (1894); see Griffin v. Illinois, 351 U.S. 12, 18 (1956); District of Columbia v. Clawans, 300 U.S. 617, 627
(1937); Lindsey v. Normet, 405 U.S. 56, 77 (1972).
Ortwein v. Schwab, 410 U.S. at 660.
The Arkansas Supreme Court recognized this general principle in Boshearsv. Ark. Racing Comm'n, 258 Ark. 741, 528 S.W.2d 646 (1975), where the plaintiff argued that the Workers' Compensation statute violated the principle of due process because it did not allow a right of appeal of an agency denial of benefits to the court system. The court rejected the argument on the grounds that due process does not require a right of appeal. Accord, Head v. Caddo Hills School District, 277 Ark. 482,644 S.W.2d 246 (1982).
In Clinton v. Bonds, 306 Ark. 554, 816 S.W.2d 169 (1991), the court noted the same principle, but relied on an exception to it, holding that where a constitutional claim arises out of an administrative decision, due process requires that that decision be reviewable by a court. In that case, the court held that the judicial review section of the Administrative Procedure Act, which disallowed prison inmates from obtaining judicial review, was unconstitutional because it had the effect of precluding inmates from the possibility of obtaining court review of constitutional issues. The court stated: "[I]t is a general rule that judicial review of administrative action may be granted or withheld by a legislature in its discretion except when the Constitution requires it."Clinton v. Bonds, 306 Ark. 554, 558, 816 S.W.2d 169 (1991). In support of this conclusion, the court quoted the United States Supreme Court, as follows:
 "And except when the Constitution requires it judicial review of administrative action may be granted or withheld as Congress chooses." Estep v. United States, 327 U.S. 114, 120 (1946); "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to courts is essential to the decision of such questions . . ." California v. Sanders, 430 U.S. 99, 109 (1977); See also, Johnson v. Robinson, 415 U.S. 361 (1974).
Cinton v. Bonds, 306 Ark. at 559 (1991).
On the basis of the foregoing judicial decisions, I conclude that as a general matter, the constitutional principle of due process does not require that providers in the Special Nutrition Program be afforded a right of appeal, unless the issue to be appealed is a constitutional issue. Nevertheless, it is my opinion that because the right of appeal has been granted by statute and by federal regulation, providers in the program must be afforded that right.
The Arkansas Supreme Court has consistently held that administrative agencies are bound by the rules that they have prescribed. See Stueartv. Arkansas State Police Commission, 329 Ark. 46, 945 S.W.2d 377 (1997);Regional Health Care Facilities Inc. v. Rose Care, 322 Ark. 767,912 S.W.2d 409 (1995). By opting to participate in the Special Nutrition program, the Department of Human Services has, in effect, agreed to the applicability of the relevant federal regulations and state procedural law. By participating, the Department has, in a sense, "prescribed" those laws and must, therefore, be bound by them.
The administration of the Special Nutrition Program is governed by the provisions of 7 C.F.R. § 226. Under § 226.6(c), the Department of Human Services is authorized to terminate providers who are found to be deficient. However, the Department is required to "afford an institution every reasonable opportunity to correct problems before terminating the institution for being seriously deficient." The same section allows providers to appeal determinations of deficiency. It also allows providers to appeal termination decisions. If a provider seeks to appeal a deficiency determination or a termination decision, Section 226.6(k) provides that the appeal process is to be governed by the applicable state law appellate procedures. In Arkansas, therefore, such appeals are governed by the Administrative Procedure Act (A.C.A. § 25-15-201 et seq.) The Administrative Procedure Act explicitly allows for appeals of administrative decisions and provides a process for such appeals. See
A.C.A. § 25-15-212.
Accordingly, I conclude that although the constitutional principle of due process does not require that providers in the Special Nutrition Program be allowed a right of appeal, the Department of Human Services is bound to comply with the requirements of the applicable federal regulations and the Arkansas Administrative Procedure Act with regard to appeals. Because these laws both grant a right of appeal, the Department must therefore afford providers in the Special Nutrition Program the opportunity to appeal both deficiency and termination decisions, as required by those laws.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The constitutional principle of separation of powers may, however, require that such decisions, if they are deemed "quasi-judicial" in nature, be appealable to a court. See McCammon v. Boyer, 285 Ark. 288,686 S.W.2d 421 (1985).