CITY of FORT SMITH, Arkansas *v.* Dan McCUTCHEN

07-864                                                    279 S.W.3d 78

Supreme Court of Arkansas
Opinion delivered March 6, 2008

*Daily & Woods, P.L.L.C.*, by: *Wyman R. Wade, Jr.* and *C. Michael Daily*, for appellant.

*McCutchen Sexton Strunks*, by: *Sam Sexton, III*, for appellee.

DONALD L. CORBIN, Justice. Appellant City of Fort Smith, Arkansas, appeals the Sebastian County Circuit Court's order granting Appellee Dan McCutchen a variance from a setback requirement contained in the Fort Smith City Ordinances. On appeal, Fort Smith argues that Ark. Code Ann. § 14-56-425 (Repl. 1998) is unconstitutional because it permits a de novo trial on appeal of a legislative determination made by a city Board of Zoning Adjustment (BZA). Accordingly, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1). We find no error and affirm.

McCutchen owns real property in Fort Smith, Arkansas. His home is located on the property, and sometime in late 1998 or early 1999, Quentin McCutchen, McCutchen's son, built a carport at the home. In 2003, while Quentin was doing some work at his father's home, a Fort Smith city inspector came by and informed him that the carport was not in compliance with a Fort Smith City Ordinance concerning setback requirements.

In 2005, McCutchen filed a variance request with the Fort Smith BZA to allow the carport constructed in violation of the 30' setback requirement to remain at its current 7'11" setback. At the April 12, 2005 Fort Smith BZA meeting, McCutchen's variance request was considered and denied due to the fact that no hardship was demonstrated as required by Arkansas statute and city ordinance.[1] McCutchen appealed this decision to the circuit court pursuant to section 14-56-425 and requested a jury trial on the matter.

On March 22, 2007, Fort Smith filed a motion for a judicial determination that section 14-56-425 is unconstitutional, or in the alternative, a judicial determination that judicial review of this action is limited to whether the BZA abused its discretion. On

---

[1] During the meeting, it was noted that McCutchen had filed an identical application in 2004, which had been heard and denied at an April 13, 2004 BZA hearing. McCutchen appealed that decision to the circuit court, and the circuit court dismissed the appeal.

April 13, 2007, a hearing was held on Fort Smith's motion during which Fort Smith argued that section 14-56-425 violates the separation-of-powers doctrine of the Arkansas Constitution. In denying the motion, the circuit court noted that we had previously held section 14-56-425 to be constitutional and concluded that it did not, or could not, determine that the statute is unconstitutional. An order was entered on April 23, 2007, reflecting the court's ruling and again noting as follows:

> The Supreme Court of Arkansas has previously upheld the constitutionality of the statute in question on multiple occasions, including after a challenge which addressed the same issues put forth by [Fort Smith] in the instant case. (*see City of Jonesboro v. Vuncannon*, 310 Ark. 366). [Fort Smith's] Motion is denied.

A de novo jury trial was held on April 24, 2007, which concluded with the jury finding in McCutchen's favor and granting him a variance from the setback requirement. This appeal followed.

For its sole argument on appeal, Fort Smith contends that section 14-56-425 is unconstitutional because it permits a de novo trial on appeal of a legislative determination made by a BZA. While recognizing that this court has previously held section 14-56-425, or its predecessor statute, constitutional, Fort Smith urges us to follow *Goodall v. Williams*, 271 Ark. 354, 609 S.W.2d 25 (1980), and to find that de novo review of a BZA determination violates the separation-of-powers doctrine because it permits a circuit court jury to review a variance application without any deference to a BZA's decision. In conclusion, Fort Smith claims that a BZA exercises legislative discretion when it grants or denies a variance, such that the statutorily directed de novo review by a jury should be determined to be unconstitutional. Conversely, and in addition to his argument that the statute is constitutional, McCutchen argues that Fort Smith waived any right to claim that de novo review from a BZA's determination is unconstitutional and that the city is judicially estopped from asserting such a claim.

Prior to addressing Fort Smith's argument that section 14-56-425 is unconstitutional, it is necessary to address McCutchen's contention that the city has waived any right to challenge the constitutionality of the statute and that it is judicially estopped from asserting such a claim. Specifically, McCutchen argues that because the Fort Smith City Ordinance provides for a de novo review in the circuit court, Fort Smith has waived any right to

claim that such an appeal is an unconstitutional encroachment upon its own powers. McCutchen further argues that Fort Smith's attempt to now suggest that even its own ordinance, which contains a right to de novo review, is invalid is inconsistent with its earlier position taken by enacting the ordinance, and thus is precluded by the doctrine of judicial estoppel.

■ Upon review, McCutchen's claims are without merit. Waiver is the voluntary abandonment or surrender by a capable person of a right known to him to exist, with the intent of forever depriving him of the benefits of the right, and it may occur when one, with full knowledge of the material facts, does something which is inconsistent with the right or his intention to rely upon it. *See Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007). Waiver is simply not applicable in the instant case merely because Fort Smith provided for a right of appeal from BZA decisions, as it is required by law to do. Additionally, we cannot address McCutchen's judicial estoppel argument as it was not made before the circuit court. It is well settled that this court will not consider arguments made for the first time on appeal. *See Beverly Enters.-Ark., Inc. v. Thomas*, 370 Ark. 310, 259 S.W.3d 445 (2007). Consequently, Fort Smith's constitutionality argument is properly before this court.

A review of a challenge to the constitutionality of a statute begins with the principle that statutes are always presumed to be constitutional and the burden of proving otherwise is upon the party challenging the statute. *See Parker v. BancorpSouth Bank*, 369 Ark. 300, 253 S.W.3d 918 (2007); *Night Clubs, Inc. v. Fort Smith Planning Comm'n*, 336 Ark. 130, 984 S.W.2d 418 (1999). We must construe a statute as constitutional if it is possible to do so. *Id.*

Our state constitution divides governmental powers among three distinct departments: legislative, executive, and judicial. *Goodall*, 271 Ark. 354, 609 S.W.2d 25. Each department is prohibited from exercising powers properly belonging to either of the others. Ark. Const. art. 4, § 2. Such a division of powers represents a familiar principle of our constitutional law, the enforcement of which is essential to preserve the orderly processes of government and its basic integrity. *Goodall*, 271 Ark. 354, 609 S.W.2d 25.

Although de novo review of a legislative act is unconstitutional, *see City of Lowell v. M&N Mobile Home Park, Inc.*, 323 Ark. 332, 916 S.W.2d 95 (1996), we have previously held that it is

proper to review de novo a final action of an agency acting in an administrative or quasi-judicial mode. *See City of Jonesboro v. Vuncannon*, 310 Ark. 366, 837 S.W.2d 286 (1992). To put it another way, appeals to the circuit court from a BZA are reviewed de novo. *Quapaw Quarter Ass'n, Inc. v. City of Little Rock Bd. of Zoning Adjustment*, 261 Ark. 74, 546 S.W.2d 427 (1977); *Arkansas Power & Light Co. v. City of Little Rock*, 243 Ark. 290, 420 S.W.2d 85 (1967); *Little Rock v. Leawood Prop. Owners' Ass'n*, 242 Ark. 451, 413 S.W.2d 877 (1967). *See also McCammon v. Boyer*, 285 Ark. 288, 686 S.W.2d 421 (1985); *City of Paragould v. Leath*, 266 Ark. 390, 583 S.W.2d 76 (1979); *Civil Serv. Comm'n of Van Buren v. Matlock*, 206 Ark. 1145, 178 S.W.2d 662 (1944). Moreover, in *Vuncannon*, we held that a city council's action on its zoning regulations was properly reviewed de novo by the circuit court where the council's action was not an enactment, but an application of its regulations. 310 Ark. 366, 837 S.W.2d 286. As we have said before, any interpretation of a statute by this court subsequently becomes a part of the statute itself. *Night Clubs*, 336 Ark. 130, 984 S.W.2d 418.

Although Fort Smith recognizes the above jurisprudence, it still urges this court to find section 14-56-425 unconstitutional under the *Goodall* test. Upon review, our decision in *Goodall* does not negate our previous determinations that de novo review of an administrative agency, such as a BZA, is constitutional. In *Goodall*, 271 Ark. 354, 609 S.W.2d 25, this court distinguished between those instances where de novo review is appropriate and when it is constitutionally prohibited. Specifically, we explained:

> The issue of the constitutional propriety of de novo review by the judiciary of administrative action primarily turns upon the character and legal status of the interests which are affected by administrative action. If the interests affected by administrative actions are constitutionally or statutorily preserved or preserved by private agreement, so that their enforcement is a matter of right, de novo review by the judiciary of administrative decisions altering these interests is appropriate. On the other hand, if the interests affected are less than fixed or determined and their existence primarily depends upon executive or legislative wisdom, de novo review is inappropriate, and judicial review is basically limited to a determination of whether these interests have been arbitrarily or capriciously affected. The doctrine of separation of powers therefore restricts the judiciary to a very limited review of those matters which are left to the wisdom of the executive in the application or

execution of laws but imposes upon the judiciary the obligation to redetermine the matter when the executive redefines private rights.

*Id.* at 356, 609 S.W.2d at 27 (citations omitted). *See also Tomerlin v. Nickolich,* 342 Ark. 325, 27 S.W.3d 746 (2000); *McCammon,* 285 Ark. 288, 686 S.W.2d 421; *Ark. Comm'n on Pollution Control & Ecology v. Land Developers, Inc.,* 284 Ark. 179, 680 S.W.2d 909 (1984). Furthermore, in *McCammon,* this court examined the issue of the proper standard of review in an appeal from a city commission such as a BZA. There, we explained that

> [t]he Planning Commission, sitting as a Board of Adjustment *has no power to legislate.* The appellants and appellees dealt with the Commission on matters relating to the use of their properties. . . . Individual property rights are secured by several provisions of our constitutions. Individuals are not constitutionally guaranteed the right to do with their property what they wish in all circumstances. The police power and health and welfare doctrines clearly mandate restrictions on ownership and use of property in such a manner as to prevent detriment to the rights of the public.
>
> . . . If de novo review of actions by administrative boards and commissions were not allowed a board or commission might act arbitrarily or unreasonably or even conceal the real facts and thereby protect such acts from proper review. Therefore, *a de novo hearing on appeal is proper when the appeal is from actions taken by administrative boards, commissions and agencies exercising adjudicatory or quasi judicial functions.*

*Id.* at 292-93, 686 S.W.2d at 424 (emphasis added) (citation omitted).

Section 14-56-425 provides that an appeal may be taken from a final action by an administrative or quasi-judicial agency concerned with the administration of municipal building and zoning regulations to the circuit court where it "shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury." A BZA is such an administrative agency and, despite Fort Smith's argument that the Fort Smith BZA made a legislative determination, a BZA does not have the power to legislate. *See McCammon,* 285 Ark. 288, 686 S.W.2d 421. Not only does a BZA not have the power to legislate, it is clear that the Fort Smith BZA was acting in an adjudicatory or quasi-judicial manner

when it denied McCutchen's variance request because it related to the enforcement of an already-established ordinance. Accordingly, Fort Smith's argument must be rejected as section 14-56-425 is not a violation of the separation-of-powers doctrine and is constitutional.

Affirmed.