Cite as 2026 Ark. 56

# SUPREME COURT OF ARKANSAS
**No.** CV–21–282

| | |
|---|---|
| MMSC, LLC, F/K/A MMSW, LLC<br>APPELLANT<br><br>V.<br><br><br>WASHINGTON COUNTY, ARKANSAS; QUORUM COURT OF WASHINGTON COUNTY, ARKANSAS; JOSEPH K WOOD, IN HIS OFFICIAL CAPACITY AS COUNTY JUDGE; DINAH DICKERSON; CAROLINE COX; STEPHANIE FOSTER; MARTY MATLOCK; AND THE HIGHLAND COMMUNITY ASSOCIATION<br>APPELLEES | **Opinion Delivered:** March 19, 2026<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-19-1297]<br><br>HONORABLE JOHN C. THREET, JUDGE<br><br><u>REVERSED AND REMANDED; COURT OF APPEALS' OPINION VACATED</u>. |

**BARBARA W. WEBB, Justice**

MMSC, LLC, appeals from the Washington County Circuit Court's order affirming the quorum court's denial of MMSC's application for a conditional use permit to operate a red-dirt surface mine in an unincorporated area of Washington County. MMSC argues on appeal that the circuit court erred by (1) applying an arbitrary and capricious standard of review of the quorum court's decision rather than conducting a de novo review; (2) finding that Arkansas Code Annotated section 14-17-211 (Repl. 2013), which expressly requires de novo review of the quorum court's decision, was unconstitutional; and (3) finding that the quorum court's denial of its application was not arbitrary and capricious. We reverse and remand.

## I. *Background*

In 2018, MMSC, operating as Heritage Farms, requested a conditional use permit from Washington County. It sought to operate a red-dirt surface mine on approximately twenty acres in an unincorporated area of the county. This property was zoned for "agricultural and single-family residential" uses only.

The county planning office prepared a packet with the details of MMSC's application, which was to be heard by the Washington County Planning Board. The planning office staff withheld a recommendation on whether the permit should have been granted or denied.

The planning board voted to deny MMSC's application for a conditional use permit. MMSC appealed the decision to the quorum court. The quorum court ultimately voted to uphold the planning board's denial of the permit. The decision was reflected in Washington County Ordinance No. 2019-26.

MMSC appealed to the Washington County Circuit Court. Dinah Dickerson, Caroline Cox, Stephanie Foster, Marty Matlock, and the Highland Community Association moved to intervene as "residents, landowners, and a neighborhood association" near the site of the proposed mine. The circuit court granted the motion over MMSC's objection.

MMSC moved for summary judgment, arguing that the quorum court's denial of its application was "arbitrary, capricious, and against the objective evidence" that was presented. Respondents, Washington County, the Washington County Quorum Court, and Joseph K. Wood, in his official capacity as Washington County judge, responded, asserting that a genuine dispute remained as to whether MMSC satisfied the criteria set out

in Washington County Code of Ordinances § 11–200. Intervenors also responded, arguing that MMSC's motion should be denied for failure to cite a standard of review or include a discussion as to whether the quorum court's action was legislative or administrative in nature. They also argued that the evidence presented weighed in favor of denying the application under the criteria for approval of conditional use permits set forth in Washington County Code of Ordinances § 11–200.

Intervenors then moved for summary judgment, contending that the arbitrary-and-capricious standard of review for the quorum court's action is proper because denial of the conditional use permit was legislative in nature. They further argued that a de novo jury-trial review under Arkansas Code Annotated § 14-17-211 would violate the Arkansas Constitution's separation-of-powers doctrine. And they argued that the record supports a rational basis for the quorum court's denial of MMSC's application.

The circuit court denied MMSC's motion for summary judgment. Intervenors' motion was granted in part and denied in part. The circuit court found that the appeal was from a legislative matter; therefore, the appropriate standard of review is whether the quorum court's denial of MMSC's application was arbitrary and capricious. The circuit court also determined that there were genuine issues of material fact that remained.

Following a final hearing, the circuit court entered an order finding Arkansas Code Annotated section 14–17–211 unconstitutional "to the extent it purports to grant de novo review of county legislative zoning issues[.]" In addition, the circuit court applied the arbitrary-and-capricious standard and concluded that a rational basis existed in the record to

3

support the quorum court's decision to adopt an ordinance denying MMSC's conditional use permit.

MMSC appealed, and our court of appeals affirmed the circuit court's order[1]. MMSC sought this court's review, arguing that the court of appeals applied the incorrect standard of review. We granted review. When we grant review of a decision by the court of appeals, we review the case as though the appeal had originally been filed in this court. *Scoggins v. Medlock*, 2011 Ark. 194, 381 S.W.3d 781.

## II. *Discussion*

We first consider whether the circuit court should have reviewed the quorum court's decision under a de novo standard. We review a circuit court's conclusion on a question of law, such as standard-of-review selection, de novo. *See Ark. Pub. Defender Comm'n v. Pulaski Cty. Circuit Court*, 2010 Ark. 224, 365 S.W.3d 193.

Whether de novo review or the arbitrary-and-capricious standard applies at the circuit court stage depends on whether the quorum court's decision was quasi-judicial or administrative in nature or if it was legislative. If a municipal body is acting in a quasi-judicial or administrative capacity, de novo review is proper. *See City of Fort Smith v. McCutchen*, 372 Ark. 541, 545, 279 S.W.3d 78, 81 (2008). However, we have held that when a body is exercising its legislative power, courts will review its decisions only to determine whether

---

[1]In affirming, the court of appeals relied on *Bolen v. Washington County Zoning Bd. of Adjustments*, 2011 Ark. App. 319, 384 S.W.3d 33. In that case, the Washington County ordinances at issue were the same as those in this case, and the court of appeals held that the grant or denial of a conditional use permit under this scheme is a legislative act. Pursuant to our decision today, *Bolen* is overruled.

4

they are arbitrary, capricious, or unreasonable. *PH, LLC v. City of Conway*, 2009 Ark. 504, at 4, 344 S.W.3d 660, 663 (2009). "The crucial test for determining what is legislative and what is quasi-judicial is whether the ordinance is one making a new law or executing a law already in existence." *Id*. at 8, 344 S.W.3d at 665 (quoting *Camden Cmty. Dev. Corp. v. Sutton*, 339 Ark. 368, 373, 5 S.W.3d 439, 442 (1999)).

Under Article VI of the Washington County Code of Zoning Ordinances, unincorporated areas of the county are, by default, zoned agricultural and single-family residential. Washington County Code of Ordinances § 11-194 (2008). Agricultural uses include the care and production of livestock products, and the planting, cultivating, harvesting, and processing of crops and timber. *Id*. § 11-195(a)(1)–(2). Single-family residential means a detached dwelling for occupancy of one family. *Id*. § 11-195(b). All other proposed uses, outside of agricultural and single-family residential, are declared conditional uses and may be permitted. *Id*. § 11-196.

> The planning board may authorize a conditional use if it finds:
>
> (a) That a written application has been filed with the Planning Office and the appropriate fee has been paid.
>
> (b) That the applicant has provided proof that each property owner as set out in section 11-204 has been notified by return receipt mail.
>
> (c) That adequate utilities, roads, drainage and other public services are available and adequate or will be made available and adequate if the use is granted.
>
> (d) That the proposed use is compatible with the surrounding area.
>
> (e) That the establishment, maintenance, or operation of the conditional use will not be detrimental to or endanger the public health, safety, morals, comfort or general welfare.

(f) That the conditional use will not be injurious to the use and enjoyment of other property in the surrounding area for the purposes already permitted, nor substantially diminish and impair property values within the surrounding area.

(g) That the establishment of the conditional use will not impede the normal and orderly development and improvement of the surrounding area for uses permitted in the zone.

*Id.* § 11-200. If the board denies the application, an applicant may appeal to the quorum court. *Id.* § 11-206. If the quorum court affirms the denial, the applicant may appeal to the circuit court. *Id.*; Ark. Code Ann. § 14-17-211.

MMSC argues that the quorum court's denial of its conditional use application pursuant to the above scheme was quasi-judicial rather than legislative; thus, the circuit court was required to conduct a de novo review. It contends that the failure to apply the correct standard of review constitutes reversible error.

The controlling case on this matter is *King's Ranch of Jonesboro, Inc. v. City of Jonesboro*, 2011 Ark. 123. There, King's Ranch sought a conditional use permit from the City of Jonesboro to operate a children's home. The application was denied by the City's planning commission and again by the city council. King's Ranch appealed to the circuit court, which found that the city council's denial of the conditional use permit was a legislative act and applied a rational-basis review to affirm the decision.

On appeal to this court, we reversed and remanded, holding that "a decision granting or denying an application for a conditional use is a quasi-judicial act." *Id.* at 2. We found that under the provisions of the City's ordinance, a decision on a conditional use permit is reached by applying the facts to the existing law rather than creating a new one. *Id.* at 4. Importantly, we noted that the ordinance required the planning commission to consider

6

eight factors, and that a decision must be made that includes findings of whether "the proposed use is within the provision of conditional uses as set out in this ordinance," whether the proposed use conforms to applicable provisions of the ordinance, whether it is "not inconsistent with requirements of this ordinance" and whether it is in "accordance with provisions of this ordinance[.]" *Id.* at 5 (quoting Jonesboro, Ark., Code of Ordinances § 117-198(2010)).

We found that it was "clear that a decision on a conditional use application requires an application of the facts to the existing provisions of the ordinance, and a judgment on whether the conditional use should be granted under the existing ordinance provisions." *Id.* at 6. Accordingly, we concluded that the city council's decision was a quasi-judicial act based on an application of the facts to existing provisions. *Id.*

Similarly, in this case, the planning board and, in turn, the quorum court, were required to apply the facts of MMSC's application to seven factors set forth in the county ordinances. This included whether "the proposed use is compatible with the surrounding area," whether the "establishment, maintenance, or operation of the conditional use will not be detrimental to . . . [the] general welfare," whether "the conditional use will not be injurious to the use and enjoyment of other property in the surrounding area," and whether "the establishment of the conditional use will not impede the normal and orderly development and improvement of the surrounding area for uses permitted in the zone." Washington County Code of Ordinances § 11-200. The decision on the application did not amend the ordinance; therefore, there was no legislative act. Instead, the quorum court's action was quasi-judicial because it based its denial on existing ordinance provisions.

7

Consequently, the circuit court erred in finding that the quorum court was acting legislatively and applying an arbitrary-and-capricious standard of review.

Given that we conclude the circuit court applied the wrong standard of review, we do not reach MMSC's remaining arguments. We need not pass on the constitutionality of Arkansas Code Annotated section 14-17-211, as it is not essential to deciding the case. *Williams v. St. Vincent Infirmary Med. Ctr.*, 2021 Ark. 14, 615 S.W.3d 721. Furthermore, the question whether the quorum court acted arbitrarily and capriciously is moot, and we do not address moot issues. *Citizens for a Better Pope Cty. v. Cross*, 2020 Ark. 279, 606 S.W.3d 580 (per curiam).

Reversed and remanded; court of appeals' opinion vacated.

*Friday, Eldredge & Clark, LLP*, by: *Joshua C. Ashley* (Little Rock) and *Kael K. Bowling* (Rogers), for appellant.

*Noland Law Firm, P.A.*, by: *Ross Noland*, for appellees Dinah Dickerson, Caroline Cox, Stephanie Foster, Marty Matlock, and the Highland Community Association.

*Brian R. Lester*, for appellees Washington County, the Quorum Court of Washington County, and Joseph K. Wood, in his official capacity as County Judge.