## Harold Dean HEWITT & SPRINGDALE LIQUORS, Inc. *v.* Thelma GAGE

74-247                                    519 S.W. 2d 749

### Opinion delivered February 10, 1975
[Rehearing denied March 17, 1975.]

*Stubblefield & Matthews,* by: *Charles D. Matthews,* for appellants.

*Crouch, Blair, Cypert & Waters,* by: *H. Franklin Waters,* for appellee.

LYLE BROWN, Justice. Harold Dean Hewitt is the principal owner of Springdale Liquors, Inc., which operates seven retail liquor outlets in the city of Springdale. Appellee Thelma Gage is the only other owner and operator of a liquor store in that city. One of Hewitt's outlets was located at 610 West Emma Street. The Alcoholic Beverage Control Commission (ABC) authorized the transfer of the liquor permit covering that location to 2100 West Sunset. The latter address appears to be approximately across the street from Ms. Gage's operation. Ms. Gage petitioned the circuit court to invalidate the ABC order and was granted a summary judgment. Hewitt and Springdale Liquors appeal.

Appellee's motion for summary judgment was submitted upon her complaint and admissions of fact executed by appellant Harold Hewitt. It was revealed by those documents that Hewitt owned an interest in more than one retail liquor permit. On the basis of that undisputed fact the court granted summary judgment, citing Ark. Stat. Ann. § 48-310.2 (Supp. 1973) which was enacted in 1971, Act 106:

> No retail liquor permit shall hereafter be issued, either as a new permit or as a replacement of an existing permit, to any person, firm or corporation, if such person, firm or corporation has any interest in another retail liquor permit, regardless of the degree of such interest.

We think the summary judgment was appropriate. The clear effect of the ABC order was to replace a permit previously issued for 610 West Emma Street with one covering the premises at 2100 West Sunset. And, as we have said, Hewitt, at the time of the replacement, owned an interest in several other stores. Appellants adroitly argue that the only thing which took place was the ABC inter-office "transfer" of a permit from one address to another. We cannot agree; in

fact we can conceive of no clearer example of the replacement of a liquor license and we unhesitatingly conclude that the statute was written to cover just such a situation.

Appellants devote a considerable portion of their brief to the proposition that Ark. Stat. Ann. § 48-312 (Repl. 1964) has been repealed by implication. It reads:

> A permit issued to any person, pursuant to this section, for any premises shall not be transferable to any other person or to any other premises or to any other part of the building containing the permitted premises. It shall be available only to the person therein specified, and only for the premises permitted and no other. [Acts 1935, No. 108].

The quoted statute is not pertinent to a resolution of the case at bar. In awarding the summary judgment the trial court did not pass judgment on the repeal or non-repeal of Section 48-312. Even if that section has been repealed (which issue we do not reach) appellants are still faced with the prohibition set forth in Section 48-310.2 supra.

Appellants contend that the entry of a summary judgment was an abuse of discretion. It is asserted (1) that without the record made before the ABC being furnished the trial court, the latter could not determine whether a new permit or a replacement permit was issued Hewitt. The argument is without merit. The admission of facts specifically states that the ABC transferred the liquor business operated at 610 West Emma to 2100 West Sunset. It is significant that appellants filed no counter-affidavits to the motion for summary judgment. Then (2) appellants say that it was error to determine that only one conclusion could be drawn from the facts. We find no merit in the argument and mention it only to inform appellants that we have not overlooked it.

Finally, appellants argue that their motion to dismiss appellee's petition to the circuit court should have been granted. The argument is based on the fact that appellee did not file in the circuit court a copy of the proceedings before the ABC. That was not necessary. Acts of 1973, Act No. 189

582

is compiled as § 48-311 (Supp. 1973). Paragraph (E) provides that an appeal from any order of the ABC shall be taken to the circuit court and tried de novo. Appellee pleaded that she be granted a trial de novo. Hence the record made before the ABC became immaterial. Furthermore, had the appeal been taken under the provisions of the Administrative Procedure Act it would have been the duty of the ABC — not the aggrieved party — to "transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review". Ark. Stat. Ann. § 5-713 (Supp. 1973). The ABC was fully aware of appellee's petition because the individual members were served with summons.

Affirmed.