Jim BYRD *v.* Karen JONES, Admr. of
Ark. Alcoholic Beverage Control
Division et al

77-352                                          565 S.W. 2d 531

Opinion delivered May 8, 1978
(Division I)

*Brown, Compton & Prewett,* by: *James M. Pratt, Jr.,* for appellant.

*John W. Bailey* and *Shackleford, Shackleford & Phillips,* for appellees.

GEORGE ROSE SMITH, Justice. In *Hewitt* v. *Gage*, 257 Ark. 579, 519 S.W. 2d 749 (1975), we pointed out that there are two methods of appealing from a decision of the Alcoholic Beverage Control Commission. One method was created by the Thorn Liquor Law of 1935, which provides that the appeal is tried de novo in the circuit court. Ark. Stat. Ann. § 48-311 (E) (Repl. 1977). In *Hewitt* we held that when the appeal is taken under that statute the record made before the ABC Commission is immaterial, because the case is tried de novo in the circuit court. The alternative method of appeal was created by the Administrative Procedure Act of 1967. Ark. Stat. Ann. § 5-713 (Repl. 1976). That statute provides that the review shall be confined to the record made before the administrative agency, except that the circuit court may, upon certain conditions, allow the record to be supplemented by additional evidence.

The present appeal is from an order of the circuit court affirming the action of the ABC Commission in granting, over the appellant's protest, the application of the appellee Betty Ruth Spires for permission to open a new retail liquor outlet in Union county. This appellant, in appealing to the circuit

court from the Commission's decision, asserted that "in accordance with Ark. Stats. Annotated Section 48-311 (E) [the provision we have cited from the Thorn Liquor Law] this appeal should be tried de novo." That request for a de novo trial was repeated in the appellant's prayer for relief in the circuit court. As we have indicated, however, there was not in fact a trial de novo in the circuit court.

For reversal it is now argued, solely, that the ABC Commission failed to make the findings of underlying facts that are required by the Administrative Procedure Act. § 5-710 (b); *Ark. Sav. & Loan Assn. Bd.* v. *Central Ark. Sav. & Loan Assn.*, 256 Ark. 846, 510 S.W. 2d 872 (1974). It is certainly true that such findings should have been made, because the ABC Commission is not an agency excepted from the Administrative Procedure Act and is therefore subject to its provisions. § 5-701. But the appellant did not choose to seek a reversal in the circuit court for the insufficiency of the Commission's findings. Instead, he expressly stated in his petition for review that the case should be tried de novo under § 48-311 (E). Moreover, he further showed his intention of pursuing the Thorn Liquor Law appellate procedure by offering testimony in the circuit court without having made the showing required by the Administrative Procedure Act. § 5-713 (f).

The distinction between the two methods of appeal is more than a mere matter of procedure. Under our decision in *Ark. Sav. & Loan, supra,* the ABC Commission's failure to make specific findings of fact would have resulted, upon appeal to this court, in a remand to the Commission to give it an opportunity to make the necessary findings. The case might then have been again appealed to the circuit court, and to this court, for a determination of whether the Commission's findings were supported by substantial evidence. That protracted procedure might well have consumed 18 months or more before a decision upon the merits was finally reached. The ultimate issue would probably have been whether the Commission's decision, based on the testimony that it heard, was supported by substantial evidence. § 5-713 (h).

By contrast, the appellant chose to seek an immediate decision, under the Thorn Liquor Law, by asking for a trial de novo in the circuit court. Under that procedure the record made before the Commission, and therefore its decision, were not controlling, because the entire case was to be tried anew. We think the appellant should be bound by his decision to follow one procedure rather than the other. To say the least, there was no request in the circuit court that the appellant be allowed to change his procedure (assuming that such a request would have been appropriate). As far as we can see, the circuit court's decision was correct on the question that was presented to it. We are unwilling to reverse the court's judgment on the ground that it should, without any request having been made, have treated the appeal as having been taken under the Administrative Procedure Act and have then reversed the Commission's decision on the ground that the necessary findings of fact had not been made.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.