Robert Lee GOODALL *v.* Robert Hays
WILLIAMS, Judge

80-147                                           609 S.W. 2d 25
Supreme Court of Arkansas
Opinion delivered December 8, 1980

*Robert E. Irwin* and *William J. Cree, Jr.*, for petitioner.

*Steve Clark*, Atty. Gen., by: *Debby Thetford Nye*, Asst. Atty. Gen., and *Joe Cambiano*, for respondent.

RICHARD L. MAYS, Justice. Petitioner, Robert Goodall, seeks a writ of prohibition to prevent the Conway County Circuit Court from trying de novo an appeal from the Arkansas Alcoholic Beverage Control Board by Conway County citizens who oppose an order by the Board granting petitioner a retail liquor license. The appeal was under Ark. Stat. Ann. § 48-311(E) (Repl. 1977), a part of the Thorn Liquor Law enacted by the legislature subsequent to the Administrative Procedure Act, Ark. Stat. Ann. § 5-701 et seq (Repl. 1976), another avenue of appeal, which expressly authorizes a de novo hearing. Since such hearings allow the circuit court to disregard the record below and try the entire case anew, petitioner contends that an appeal de novo from the Arkansas Alcoholic Beverage Control Board constitutes an unconstitutional exercise of executive powers by the judiciary. This issue was first raised in the circuit court by a motion to dismiss the appeal. When the circuit judge denied the motion, holding that the petitioner would have to establish his entitlement all over again, this petition followed.

The propriety of the writ of prohibition as an avenue of relief for petitioner under the circumstances alleged is not challenged by the respondent. A writ of prohibition is, of course, appropriate to relieve one from the onerous burden of litigation when the trial court is attempting to act wholly without jurisdiction or is threatening or about to act in excess of its jurisdiction. *Midwest Lime Co.* v. *Independence Chancery Court*, 261 Ark. 695, 706, 551 S.W. 2d 537 (1977).

We have had several occasions to comment on the scope of review of the circuit court of cases appealed from the Alcoholic Beverage Control Board pursuant to the Thorn Liquor Law, but in none of those cases was the constitutionality of de novo appeal challenged. *Hewitt* v. *Gage*, 257 Ark. 579, 519 S.W. 2d 749 (1975); *Byrd* v. *Jones*, 263 Ark. 406, 565 S.W. 2d 531 (1978); *Jones* v. *Reed*, 267 Ark. 237, 590 S.W. 2d 6 (1979). Of course we recognize that our state constitution divides governmental powers among three distinct departments: legislative, executive and judicial; each of which is prohibited from exercising powers properly belonging to either of the other two. Arkansas Constitution Article IV. Such a division of powers represents a familiar principle

of our constitutional law, the enforcement of which is essential to preserve the orderly processes of government and its basic integrity.

Petitioner essentially contends that the issuance of liquor licenses is an exclusively executive function which cannot be delegated to the judiciary. Since a trial de novo allows the circuit court to substitute its judgment for that of the Alcoholic Beverage Control Board, petitioner asserts that such a trial sanctions judicial encroachment into an area constitutionally reserved to the executive.

The issue of the constitutional propriety of de novo review by the judiciary of administrative action primarily turns upon the character and legal status of the interests which are affected by administrative action. If the interests affected by administrative actions are constitutionally or statutorily preserved or preserved by private agreement, so that their enforcement is a matter of right, de novo review by the judiciary of administrative decisions altering these interests is appropriate. See *Thornbrough* v. *Williams*, 225 Ark. 709, 284 S.W. 2d 681 (1955); *Civil Service Commission of Van Buren, Arkansas* v. *Matlock*, 206 Ark. 1145, 178 S.W. 2d 662 (1944). On the other hand, if the interests affected are less than fixed or determined and their existence primarily depends upon executive or legislative wisdom, de novo review is inappropriate, and judicial review is basically limited to a determination of whether these interests have been arbitrarily or capriciously affected. See *Wenderoth* v. *City of Fort Smith*, 251 Ark. 342, 472 S.W. 2d 74 (1971). The doctrine of separation of powers therefore restricts the judiciary to a very limited review of those matters which are left to the wisdom of the executive in the application or execution of laws but imposes upon the judiciary the obligation to redetermine the matter when the executive redefines private rights.

Under Ark. Stat. Ann. § 48-301 (Repl. 1977), the issuance of a liquor license depends upon the administrative determination of "public convenience and advantage." It is not a determination which is judicially cognizable since the effort to obtain a permit hinges on executive discretion. Since the right of executive direction is constitutionally preserved,

its exercise cannot be frustrated through the medium of trials de novo. We, therefore, hold that Ark. Stat. Ann. § 48-311(E) (Repl. 1977) is unconstitutional to the extent that it authorizes the circuit court to redetermine or disregard the factual base upon which the Alcoholic Beverage Control Board relies to issue a liquor license.

The writ is granted.

PURTLE, J., concurs.

STROUD, J., dissents.

JOHN I. PURTLE, Justice, concurring. I concur in the results reached by the majority; however, I would hold that a trial de novo as mentioned in Ark. Stat. Ann. § 48-311 (E) (Repl. 1977) means that the proceedings before the Commission and its findings and orders would be filed with the circuit court and considered along with any other evidence which was presented.

Apparently, there are two thoughts as to the meaning of a trial de novo. The case of *Byrd* v. *Jones*, 263 Ark. 406, 565 S.W. 2d 531 (1978), held that there were two methods of perfecting an appeal from the ABC decisions. One of those is § 48-311 (E) and the other is the Administrative Procedure Act of 1967, codified as Ark. Stat. Ann. § 5-713 (Repl. 1976). Although both these methods are available in appealing an ABC order, both of them require the case to be tried de novo in the circuit court.

I find nothing in *Byrd* v. *Jones*, supra, or in *Jones* v. *Reed*, 267 Ark. 237, 590 S.W. 2d 6 (1979), to prohibit the circuit court from considering the record of the hearing before the ABC Commission. Therefore, I believe that a trial de novo means the same regardless of which method is used to perfect the appeal. The record before the Commission should be presented to the trial court for consideration along with any other evidence the trial court deems proper for a correct resolution of the dispute.

JOHN F. STROUD, Justice, dissenting. I respectfully dis-

sent from the majority opinion because I cannot agree that Ark. Stat. Ann. § 48-311 (E) (Repl. 1977) is unconstitutional. By trying the case *de novo*, the circuit court is required to determine a question of "public convenience and advantage," but I find this no more of an executive decision that is required of the circuit court and this court in many other statutorily authorized *de novo* appeals and *de novo* reviews of decisions of administrative boards and commissions.

This court made perfectly clear in *Byrd* v. *Jones*, 263 Ark. 406, 565 S.W. 2d 531 (1978), that there are two methods of appealing from a decision of the Alcoholic Beverage Control Commission, and that the choice rests with the appellant. That opinion pointed out that the distinction between the two methods "is more than a mere matter of procedure." The court acknowledged that the appellant there chose to seek an immediate decision by an appeal *de novo* under the Thorn Liquor Law rather than utilize the protracted procedure of seeking a review of the Commission's findings under the Administrative Procedures Act. I think the time element differential sufficiently justifies the two appellate alternatives, but that should be a decision of the General Assembly and not of this court. I would deny the petition for Writ of Prohibition.