The Honorable Cliff Brown State Representative 2207 Pyburn Street Pocahontas, AR 72455
Dear Representative Brown:
This is in response to your request for an opinion submitted on behalf of Mr. James L. Dauer with regard to a "recommendation involving due process and the separation of powers principle in the context of judicial enforcement of administrative decisions. It is suggested that "[all Penal or Punitive action taken by an Arkansas Court of Law must be the result of due process of law by the respective court," and that the Constitution of Arkansas has no provision authorizing ". . . the violations of separation of power presently employed by the courts enforcing administrative decisions without the constitutional requirements of due process of law." It is also stated: "[i]n the event this recommendation is rejected, I would appreciate receiving a copy of the authority that overrules the U.S. Constitution."
While the general premise of this statement with respect to the primacy of due process is well taken, it must also be recognized that the requirements of due process will vary according to the particular context. The following discussion in 73 C.J.S. Public Administrative Law and Procedure 59 (1983) at p. 522, is informative:
 Due process of law, although it requires an orderly proceeding in an appropriate and impartial tribunal, is not necessarily judicial process. It may for some purposes be accorded by an administrative board or officers, and its requirements may apply to the actions and proceedings of administrative officials, agencies, boards, commissions, and other such bodies. (Citations omitted).
The United States Supreme Court has recognized that due process of law is not a term of fixed and invariable content. See, e.g., Federal Communications Commission v. WJR, The Goodwill Station,337 U.S. 265 (1949). Greater flexibility has been given to the term when applied to administrative agencies than when applied to a judicial tribunal. Lacomastic Corp. v. Parker, 54 F. Supp. 138
(D.C. Md.). It is a well-established principle of state and federal law that the legislature can delegate adjudicatory functions to state agencies when provision is made for judicial review. Certain administrative due process requirements are embodied in the Arkansas Administrative Procedure Act (A.C.A.25-15-201, et seq.), including judicial review provisions. The requirements of due process have generally been held satisfied where resort may be had to the courts to have the action of an administrative officer or body reviewed. Myers v. Bethlehem Shipbuilding Corp. Mass., 303 U.S. 41 (1938); Arkansas Wholesale Grocers' Ass'n. v. Federal Trade Commission, 18 F.2d 866 (8th Cir. 1927), cert. den'd 275 U.S. 533 (1927).
Thus, while it is true that courts and not administrative agencies are the final arbiters of agency authority [West Helena S. L. v. Federal Home Loan Bank Bd., 417 F. Supp. 220 (E.D.Ark. 1976)], rules governing judicial review of administrative agency decisions are well settled and are premised upon the separation of powers doctrine embodied in our State constitution. Under Article 4 of the Constitution of Arkansas, governmental powers are divided among three district departments: legislative, executive, and judicial, each of which is prohibited from exercising powers properly belonging to either of the other two. The Arkansas Supreme Court has recognized that this division of powers ". . . represents a familiar principle of our constitutional law, the enforcement of which is essential to preserve the orderly processes of government and its basic integrity." Goodall v. Williams Judge, 271 Ark. 354, 355-356, 609 S.W.2d 25 (1980).
Judicial review of administrative decisions is ordinarily limited in scope. Fouch v. State, Alcoholic Bev. Cont. Div., 10 Ark. App. 139,141, 662 S.W.2d 181 (1984). Such decisions are properly upheld if supported by substantial evidence and not arbitrary, capricious or characterized by an abuse of discretion. Id., citing Carder v. Hemstock, 5 Ark. App. 115, 633 S.W.3d 384
(1982). The question of what constitutes arbitrary action on the part of administrative officials, as bearing upon the issue of denial of due process, will depend upon the particular circumstances of each case.
Thus, in conclusion, due process must clearly be afforded. However, a court's alleged failure to do so in the context of its review of administrative decisions must be considered in light of the foregoing.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.