2009 Ark. 187

**ARKANSAS BEVERAGE RETAILERS ASSOCIATION, Appellant,**

v.

**Michael LANGLEY, Arkansas Alcoholic Beverage Control, Daniel S. Holtrey, Sam's West, Inc., Sam's Club # 8209, Appellees.**

No. 08–287.

Supreme Court of Arkansas.

April 9, 2009.

Charles R. Singleton, P.A., by: Charles R. Singleton, Little Rock, for appellant.

Donald R. Bennett, Little Rock, A.B.C. Division, for appellant Michael Langley, Director of the Arkansas Alcoholic Beverage Control Division and ABC Board.

Quattlebaum, Grooms, Tull & Burrow, PLLC, by: Steven W. Quattlebaum, Michael N. Shannon, J. Clifford McKinney, and Joseph R. Falasco, Little Rock, for appellee Daniel S. Holtrey on Behalf of Sam's West, Inc. d/b/a Sam's Club # 8209.

JIM HANNAH, Chief Justice.

The Arkansas Beverage Retailers Association, Inc., Albert Young, President, and Albert Young, individually ("the Association"), appeal a decision of the Arkansas Alcoholic Beverage Control Board ("Board") reversing a decision of the Arkansas Alcoholic Beverage Control Division ("Division") denying the transfer of a retail liquor permit requested by Sam's West, Inc. The decision of the Board was appealed to the circuit court, and the circuit court affirmed the Board's decision. The Association asserts it is appealing the decision of the circuit court, and that the circuit court erred in (1) failing to find that Arkansas Code Annotated section 3–4–218(a)(1) (Supp.2003) restricts liquor permits to businesses that sell exclusively liquor, (2) failing to find that allowing sales of liquor by the seller of goods other than liquor violates the equal protection rights of businesses restricted to selling only liquor, and (3) finding that there was substantial evidence that another retail liquor store serves the public convenience and advantage.

We note first that while the Association asserts error in the circuit court's decision, it is actually appealing the decision of the Board, both of which found that the liquor permit should issue to Sam's West. Review by the appellate court is directed not to the decision of the circuit court but to the decision of the administrative agency. *Ark. Dep't of Human Servs. v. A.B.*, 374 Ark. 193, 199, 286 S.W.3d 712, 717 (2008). Further, it is not the role of the circuit courts or the appellate courts to conduct a de novo review of the record; rather, review is limited to ascertaining whether there is substantial evidence to support the agency's decision. *Id.* Substantial evidence is evidence that is valid, legal, and persuasive; it is evidence that a reasonable mind might accept to support a conclusion and force the mind to pass beyond speculation and conjecture. *C.C.B. v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 540, 247 S.W.3d 870 (2007). The question is not whether the evidence would

have supported a contrary finding, but whether it could support the finding that was made. *Id.* Further, it is the prerogative of the board to believe or disbelieve any witness and to decide what weight to accord witnesses' testimony. *Id.* We affirm the decision of the Board. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(7).

Sam's Club wished to open and operate a package liquor store in conjunction with Sam's Club # 8209 at 3075 North Highway 112, Fayetteville, Arkansas. To that end, Sam's West, Inc., a subdivision of Sam's Club, Inc., was created to establish and run the liquor store. Sam's West filed an application with the Division on May 9, 2005, to transfer a retail liquor license from "The Party Store" at 3107 N. College, Fayetteville, Arkansas, to Sam's Club # 8209 location, there to be operated by Sam's West in a separate store with a common wall to Sam's Club.

Dean Carlson designed the subject Sam's Club shopping center. According to Carlson's testimony at the hearing before the Board, Sam's Club # 8209 and the adjoining Sam's West store were part of a strip mall design, and Sam's Club and Sam's West were designed as if two totally unrelated parties were going to occupy those two stores. In further support of this assertion, Carlson noted that the two stores have separate addresses, separate exterior entrances, no interior entrance from Sam's Club to Sam's West, separate loading docks, separate merchandise delivery, separate merchandise storage facilities, separate utilities, and separate heating and air-conditioning systems. Shane Holtrey testified that he would be the general manager of the Sam's West liquor store, and that he would have liquor store employees who were only employees of the liquor store. He further testified that his financial accounting would be separate,

that he would have a separate bank account, and that he has authority to make decisions about hiring employees. He also stated that the store would open at 10:00 a.m., that it would close at 8:30 p.m. to 9:00 p.m., and that it would be closed on Sunday.

The Division denied the application to transfer the liquor permit. Sam's West appealed this decision to the Board, and the Board reversed the decision. The Association appealed the Board's decision to the Pulaski County Circuit Court. The circuit court granted a motion to dismiss the appeal based on a lack of standing, and that decision was reversed by this court. *See Ark. Beverage Retailers Ass'n, Inc. v. Moore,* 369 Ark. 498, 256 S.W.3d 488 (2007). Upon remand, the circuit court affirmed the Board and rejected all arguments raised by the Association.

The Division receives applications for liquor permits and decides whether to issue a permit. *See* Ark.Code Ann. § 3–2–205(c)(1) (Supp.2003). A decision by the Division may be appealed to the Board. *See id.* § 3–2–201(h). Further, a decision of the Board may be appealed to the circuit court, and the appeal is taken under the Administrative Procedure Act.[1] *See id.* § 3–2–216 (Repl. 1996). Judicial review in the circuit court granted by the Administrative Procedure Act is set out in section 25–15–212(h) (Repl. 2002):

(h) The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

---

1. *See* Ark.Code Ann. § 25–15–201 (Repl. 2002).

(2) In excess of the agency's statutory authority;

(3) Made upon unlawful procedure;

(4) Affected by other error or law;

(5) Not supported by substantial evidence of record; or

(6) Arbitrary, capricious, or characterized by abuse of discretion.

■ Before we address the Association's arguments on appeal, we note that Sam's West argues that the Board's reliance on Arkansas Code Annotated section 3–4–218 (Supp.2003) concerning premises where liquor sales may take place was incorrect. This section provides that it applies to permits issued after February 18, 1971. *See* Ark.Code Ann. § 3–4–218(c) (Supp.2003). Sam's West argues that section 3–4–218 is not applicable to this case; however, the issue of the section's applicability to these facts was not raised or decided below. Our review in this case is under appellate jurisdiction, and we may not review an issue raised for the first time on appeal. *Plant v. Wilbur,* 345 Ark. 487, 496, 47 S.W.3d 889, 894–95 (2001).

■ To the extent that Sam's West is arguing a lack of subject-matter jurisdiction, that is an issue that may be raised for the first time on appeal and indeed may be raised by this court. *See Seay v. C.A.R. Transp. Brokerage Co.,* 366 Ark. 527, 237 S.W.3d 48 (2006). Sam's West argues that the statute may not apply because it only applies to permits issued after February 18, 1971, and the permit at issue was issued prior to that date. However, there is no dispositive evidence in this case as to when the permit was issued. The only evidence offered with respect to the date that the liquor license was issued is that someone worked at "The Party Store" in the early 70s, the site from which the permit was transferred in this case. The license is not before us, and "early 70s" is not evidence that the license was or was not issued before February 18, 1971.

Thus, although we will raise an issue of subject matter jurisdiction on our own motion, we cannot say that the Board lacked subject matter jurisdiction.

■ The Association argues that Arkansas Code Annotated section 3–4–218 "prohibits Sam's Club and other similar department stores from holding retail liquor licenses." The Association argues that Sam's Club sells practically all the prohibited products listed in the statute, and according to the Association, the statute seeks to assure that permit holders focus their attention solely on the sale of liquor and not be distracted by the sale of other products. The Association further argues that "the statute prohibits the permitted premises of a liquor store from being operated as part of the profit making business of 'any drug, grocery, sporting goods, dry goods, hardware or general mercantile store.'" According to the Association, the liquor store will be owned by Walmart, financed by Walmart (including building the store and paying employees), and Walmart will receive the profits from the store. The Association argues that the liquor store is to be operated as part of "the profit making business of Sam's Club/Walmart."

■ The Association's argument is that the statute prohibits a business owner from cross-merchandising by ownership, in other words, it prohibits a person from owning both a liquor store and another store that in any way feed off each other in creating a profitable business. The statute provides:

(a)(1) No new liquor permits shall be issued to nor shall any outstanding liquor permit be transferred to any person, firm, or corporation by the Alcoholic Beverage Control Division wherein the permitted premises of the liquor permittee is operated as a part of the profit-making business of any drug, gro-

cery, sporting goods, dry goods, hardware, or general mercantile store.

Ark.Code Ann. § 3–4–218(a)(1) (Supp. 2003). We are called upon to decide an issue of statutory construction:

> The basic rule of statutory construction is to give effect to the intent of the legislature. *Rose v. Arkansas State Plant Bd.*, 363 Ark. 281, 213 S.W.3d 607 (2005). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.* However, when a statute is ambiguous, we must interpret it according to the legislative intent, and our review becomes an examination of the whole act. *Id.* We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id.* We also look to the legislative history, the language, and the subject matter involved.

*Ark. Dep't of Econ. Dev. v. William J. Clinton Presidential Found.*, 364 Ark. 40, 48, 216 S.W.3d 119, 124–25 (2005).

Section 3–4–218 was enacted as part of Act 106 of 1971, and the title of the bill included the phrase: "Define the Permitted Premises Where Liquor Can Be Sold." "Premises" is not defined in the code with respect to issuing a liquor permit. The Arkansas Internet Prescription Consumer Protection Act defines premises as "the portion of any building or structure leased, used, or controlled by the licensee in the conduct of the business registered by the Arkansas State Board of Pharmacy at the address for which the registration was is-

sued." Ark.Code Ann. § 17–92–1003(12) (Supp.2007). The Charitable Bingo and Raffles Act defines premises as "the area subject to the direct control of and actual use by a licensed authorized organization to conduct games of bingo." *Id.* § 23–114–1102(13) (Supp. 2007). The Board clearly concluded that "premises" in section 3–4–218 refers to the liquor store. Stated differently, the premises is the actual business located within a specific building or structure where the liquor permittee is allowed to sell liquor. Thus, because Sam's West liquor sales were limited to the separate premises of the Sam's West store, the permit was granted, even though Sam's West is a subsidiary of Sam's Club, which sells a host of non-liquor products in its adjoining store.

▮ Our review of this decision by the Board is limited in scope, specifically to determining whether it is supported by substantial evidence and is not arbitrary, capricious, or constitutes an abuse of discretion. *Holloway v. Ark. State Bd. of Architects*, 352 Ark. 427, 433, 101 S.W.3d 805, 809 (2003). As we have often noted, administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Id.* "We have further held that it is also a rule of statutory construction that the manner in which a law has been interpreted by executive and administrative officers is to be given consideration and will not be disregarded unless it is clearly wrong." *Cave City Nursing Home v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 22, 89 S.W.3d 884, 889 (2003). As the facts show, substantial evidence supports the Board's decision. We cannot say that the Board's interpretation and application of section 3–4–218 is clearly wrong.

▮ However, the Association also argues that in granting the permit, Sam's

Club is allowed to sell liquor and non-alcoholic beverage items and that the members of the Association, being similarly situated, are not. They thus argue denial of equal protection.

In deciding whether an equal protection challenge is warranted, there must first be a determination that there is a state action which differentiates among individuals. *Bosworth v. Pledger*, 305 Ark. 598, 604, 810 S.W.2d 918, 920 (1991). Once equal protection is invoked, the rational basis test must be applied to determine whether there exists any rational basis for the classification. *Bosworth v. Pledger, supra.* The rational basis test is generally applied to the review of tax legislation. *Streight v. Ragland, Comm'r*, 280 Ark. 206, 212, 655 S.W.2d 459, 462 (1983).

*Pledger v. Featherlite Precast Corp.*, 308 Ark. 124, 135–36, 823 S.W.2d 852, 859 (1992). As already discussed, the Board and this court reject the argument that Sam's Club is operating liquor sales as part of its Sam's Club store # 8209 operation. Rather, the liquor sales at Sam's West are permissible as sales at a separate premises that are not part of the sales at Sam's Club store # 8209. Therefore, to state a cause of action under equal protection in this case, the Association would have to show that they applied for and were denied a permit to operate a liquor store on a premises near but separate from their operation of, for example, a grocery store. They would have to show that they were similarly situated to Sam's West and were denied a permit while Sam's West was granted a permit. See *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). The Association has not done so. There is no merit to the equal-protection claim.

The Association also argues that it was error to grant the transfer of the liquor permit because the requirement of public convenience and advantage set out in Arkansas Code Annotated section 3–4–201 (Supp.2003) was not met. This section grants the Board discretion to issue permits but does not permit more than one liquor permit per four thousand population. Ark.Code Ann. § 3–4–201(c)(1)(A). This was not the grant of a liquor permit, rather, it was a transfer. After the Board acted, there were precisely as many permits as there were before. There is no merit to the argument that the number of permits was increased. The Board found that the move of the permit to the Sam's Club site would be in the interest of public convenience. In this regard, the Board considered the statutory requirements regarding where liquor may be sold, and it also found that the transfer served public convenience and advantage and looked not only at the interests of the applicant but also that of the general public. *See, e.g., Ark. Alcoholic Beverage Control Bd. v. Muncrief*, 308 Ark. 373, 825 S.W.2d 816 (1992). The Board specifically stated that it considered the presentations and found that the move to the Sam's Club location would be more suitable and to the convenience and advantage of the public. There is substantial evidence to support the Board's decision.

Affirmed.

Special Justice JOHN GOODSON and Special Justice DAVID MADDOX join.

CORBIN and WILLS, JJ., not participating.