DAVID M. GLOVER, Judge | í Sarah Gildehaus appeals from the order that dismissed her petition for judicial review of the Alcohol Beverage Control (ABC) Board’s transfer of a retail liquor permit and that, alternatively, affirmed the Board’s decision. She contends that the trial court erred in 1) dismissing her amended petition for lack of standing, 2) refusing to consider the entire record on appeal-, and 3) allowing the issuance of a retail liquor permit despite numerous violations of the law. We affirm. . in its order dismissing Gildehaus’s' petition, ’the trial court set out the basic, and essentially undisputed, background facts. Michelle Jameson received conditional permit number 05132 for a retail liquor store to be located at 2800 West Hudson Road, Suite D, in Rogers, Arkansas. After reconsidering the potential financial burdens, Jameson contacted the ABC and asked about alternatives she might pursue. She learned about inactive status for a permit while she considered her future desires regarding the permit. She was told she Lcould submit an application for inactive status for her permit if she opened her business for one day, had a phone line and her business license, sold one bottle of liquor, and had an ABC agent come and approve her location. Jameson operated her business for one day and then applied with Christopher Moore to the ABC to transfer permit number 05132 from her to Moore. The ABC Director refused to approve the application on April 17, 2014. She appealed the transfer denial, and, following a hearing, the ABC Board unanimously reversed the Director and approved the transfer on September 17, 2014, (the “agency decision”). On October 13, 2014, Gildehaus filed an original petition with the circuit court, seeking judicial review and a stay of the agency decisión. Orí December 18, 2014, she filed an amended petition. Paragraph three of her amended petition provides in pertinent part: Further, this location is within three (3) miles of Gildehaus’ liquor store and is a competitor of Gildehaus. As a result, this has caused Gildehaus to suffer injury and is a basis for this litigation. She offered no further testimony or evidence of injury at the hearing to expand upon paragraph three of her amended petition. Gildehaus urged reversal of the agency decisionbased on the following summarized arguments: 1) Jameson did not have a valid permit to transfer to Moore because Jameson represented she had leased the property, when in fact she had only an option to lease the premises; no ABC agent ever inspected Jameson’s store prior to opening, she just complied with the ABC agent’s request that she send photos; Jameson'had no sales-tax permit and did not remit taxes to DFC; she received $4,000 from Moore to pay for her option to lease the premises; and 2) Moore was not legally qualified to receive transfer of the permit because |ahe had some interest in two permits; he made knowing misstatements of material facts regarding ownership of the business location; and he provided remuneration to another retail liquor permittee. • • In its April 15, 2015 order, the trial court dismissed Gildehaus’s petition, concluding, ' sua sponte, she lacked standing under the Administrative Procedure Act: Relying upon Arkansas Alcoholic Beverage Control v. Mwncrief, 74 Ark. App. 221, 45 S.W.3d 438 (2001), the trial court reasoned it was without jurisdiction to hear her petition because she had failed to set forth specifically how she sustained injury or why she was in immediate danger of sustaining injury. The order. explained, alternatively, that even if Gildehaus had established standing for judicial review, there was substantial evidence to support the agency’s decision to allow the transfer of the permit. A majority of our six-judge panel hearing this appeal affirms the trial court’s dismissal based on Gildehaus’s failure, to establish sufficient injury'to invoke judicial review. Accordingly, we find no basis for addressing the. alternative ruling that affirms.the agency’s decision. Ordinarily, an appeal from the circuit court regarding an agency decision requires our court to review the agency’s decision, not the trial1 court’s decision. Arkansas State Highway & Trans. Dep’t v. Ram Outdoor Advert., 2015 Ark. App. 713, 479 S.W.3d 51. Here, however, we review the trial court’s decision for error because the controlling basis for its decision was to dismiss Gildehaus’s petition for lack of jurisdiction because she failed to demonstrate specific, concrete, real, and . immediate injury from the agency’s action. The question of standing is a matter of law for this court to decide, and,.we review questions of law de novo. Arkansas Beverage Retailers Ass’n, Inc. v. Moore, 369 Ark. 498, 256 S.W.3d 488 (2007). | Judicial review of an agency decision is governed by the Administrative Procedures Act. Arkansas Code Annotated section 25-15-212(a) (Repl. 2014) provides in pertinent part: Administrative adjudication — Judicial review. (a) In cases of adjudication, any person, ... who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this sub-chapter. Nothing in this section shall be construed to limit other means of review provided by law. Opinions from both our court and the supreme court have explained that, under this statute, only persons who have a personal stake in the outcome of a controversy have standing to invoke the jurisdiction of the circuit court in order to seek judicial review of agency action; that the injury must be concrete, specific, real, and immediate, rather than conjectural .or hypothetical; and that the petitioner must demonstrate how he or she has already sustained or is immediately in danger of sustaining such injury as a consequence of the agency’s. action. See, e.g., Arkansas Beverage Retailers Ass’n, Inc., supra; Arkansas Alcoholic Beverage Control v. Muncrief, 74 Ark. App. 221, 45 S.W.3d 438 (2001); Estes v. Walters, 269 Ark. 891, 601 S.W.2d 252 (Ark.App.1980). Here, the only basis for injury asserted by - Gildehaus was that Moore’s proposed liquor store would be located within three (3) miles of Gildehaus’s liquor store and would-be a competitor of-Gilde-haus. This allegation of injury was not further developed at the hearing, and neither has it been further explained on appeal. The gist of Gildehaus’s argument to us on this controlling issue is as .follows: the -trial court erred in dismissing her appeal for lack of standing because granting the permit to Moore violated several statutory l^and regulatory requirements and directly impacted her own business by allowing an additional neighboring permit-tee that did not exist before the transfer and location change in favor of Moore. She is clear in her allegations that the Board ignored statutory and regulatory violations by Jameson and Moore and that she believes she has been harmed by the agency’s decision to allow the transfer of the permit. However, our cases and those of the supreme court require more than mere assertions of injury — to be entitled to judicial review of an agency decision pursuant to Arkansas Code Annotated section 25-15-212(a), a petitioner must demonstrate injury that is concrete, specific, real, and immediate, rather than conjectural or hypothetical; and the petitioner must also demonstrate how he or she has already sustained or is immediately in danger’ of sustaining such injury as. a consequence of the'agency’s action. See, e.g., Arkansas Beverage Retailers Ass’n., Inc., supra; Arkansas Alcoholic Beverage Control v. Muncrief, supra; Estes, supra. The “keys to the courthouse”'lie in Arkansas Code Annotated section 25-15-212(a). If a petitioner satisfies the injury requirement of this statute, then he or she qualifies for judicial review of agency action. If a petitioner does riot demonstrate specific, concrete,’ real, and immediate injury from the agency’s action, then he or she is not entitled to judicial review of agency actiori. We find no error with the trial court’s determination that Gildehaus’s assertions of injury are not sufficient to invoke the trial court’s jurisdiction to review the agency decision pursuant to Arkansas Code Annotated section 25-15-212(a). Moreover, though we are concerned with the sua sponte nature of the trial court’s dismissal, Gildehaus does not challenge the trial court’s decision on .that basis; consequently, we do not address it. IfiAffirmed. Kinard, Gruber, Whiteaker, JJ., agree! Hoofinan, J., concurs. Virden, J., dissents.