Cliff Hoofman, Judge, concurring. While I agree with the majority’s decision to affirm, I would do so based on the circuit court’s alternative finding that substantial evidence supports the Alcohol Beverage Control (ABC) Board’s decision to approve the transfer of the retail liquor permit to appellee Christopher Moore. Thus, I must respectfully concur. In appellant Sarah Gildehaus’s first point on appeal, she argues that the circuit court erred in dismissing her amended petition due to a lack of standing. I agree and would not affirm on this basis; In her petition, Gildehaus alleged that- she was injured by the Board’s decision to approve the transfer of the retail liquor permit to Moore because the proposed location for the permit was within three miles of Gilde-haus’s liquor store and would compete with her store. She further alleged that the Board’s decision should be reversed because grantin¿ the permit to Moore violated various statutory and regulatory requirements. In his answer, Moore did not challenge Gildehaus’s standing; in fact, he implicitly agreed that Gildehaus had standing by noting that the permit for her store was being judicially reviewed and that he reserved the right to raise the issue át a later date if she were to be denied the permit and ■ “lose standing.” Nor did Moore file a motion to dismiss the petition or raise the issue of standing at the hearing before the circuit court. Instead, the circuit court raised the issue sua sponte in its order, finding that it “had no jurisdic-tionjjto hear the petition” because Gilde-haus had failed to sufficiently plead standing. Our supreme court has explained that standing is not akin to subject-matter jurisdiction and that it is a defense that can be waived by the parties. Chubb Lloyds Ins. Co. v. Miller Cty. Cir. Ct., 2010 Ark. 119, 361 S.W.3d 809. The circuit court therefore erred by raising the issue sua sponte. Moore admits as much in his brief on appeal but argues that Gildehaus cannot demonstrate prejudice from the circuit court’s finding that she lacked standing because the court also went on to discuss the evidence .supporting the Board’s decision and ultimately affirmed that decision. I agree with Moore, and I would instead affirm • -the circuit court based on its alternative finding, as will be discussed below. In her second and third points on apr peal, Gildehaus makes two separate arguments concerning the circuit court’s decision to affirm the Board: she contends that the circuit court erred by refusing to consider the entire record, and she argues that the circuit court erred in allowing the issuance of the retail liquor- permit to Moore despite numerous violations of the law. On appeal to this court, our review is directed toward the decision of the administrative agency,, rather than the decision of the circuit court. Dep’t of Health & Human Servs. v. R.C., 368 Ark. 660, 249 S.W.3d 797 (2007).- A circuit court or appellate court may reverse the agency decision if .it concludes that the substantial rights of the petitioner have been prejudiced-because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess, of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by other error or law; (5) not supported by substantial evidence of record; or (6)-arbitrary,, capricious, or characterized by abuse of discretion. Id.; Ark.Code Ann. § 25-15-212(h) (Repl. 2014). |sOn appeal, the challenging party has the burden of proving an absence of subr stantial evidence and must demonstrate that the proof before the administrative agency was so nearly undisputed that fair-minded persons could not reach its conclusion. Dep’t of Health & Human Servs., supra. The question is not whether the evidence before the agency would have supported a contrary finding, but rather whether it supports the finding that was made. Id. Considerable deference is accorded the decision of the administrative agency in part because these agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. Id. Gildehaus’s argument that the circuit court erred by not considering the entire record is premised on the circuit court’s rulings at the hearing that prevented her from discussing Michelle Jameson’s failure to obtain a sales-tax permit prior to opening her liquor store for one day, Gilde-haus contends that the circuit court abused its discretion in not allowing this evidence where it was raised and. considered before the Board and . where appellees also “opened the door” to its admission. However, as noted above, our review on appeal in these cases is limited and . is directed only toward the administrative agency’s decision, not that of the circuit court. Dep’t of Health & Human Servs., supra. Thus,, there is no need to address the merits of this particular argument, which asserts error by the circuit court. Gildehaus’s final argument on appeal is that the circuit court erred in affirming the Board’s issuance of the permit to Moore despite numerous violations of the law. Specifically, Gildehaus asserts that Jame-son failed to comply with applicable statutes and regulations by not obtaining and displaying a sales-tax permit when she opened her store on | ^December 11, 2013, and by not remitting sales tax for that day. Gildehaus also argues that Jameson received $4,000 from Moore, another liquor permit holder, to lease the space for her liquor store in violation of Arkansas Code Annotated section 3-4-301 (a)(9) (Supp. 2015). Based on these violations, 'Gilde-haus contends that Jameson’s permit should have been revoked instead of being placed on inactive status and transferred to Moore. With regard to Jameson’s failure to pay sales tax, the Board found that .this was an issue for the Department of Finance and Administration and that Jameson had complied with its regulations for obtaining inactive status, which required that she be “open for business and prepared to sell or dispense alcoholic beverages for at least one full eight hour day.” See DFA Title 1, subtitle C, Permit Procedure Section 1.27.1. I agree with the Board’s finding. While a failure to pay sales tax can be grounds for revocation óf a permit, this issue was not necessarily relevant to whether Jameson had satisfied the ABC regulations for obtaining an inactive permit. The Board also found that the $4,000 that Jameson had received from Moore was merely a loan and did not violate Arkansas Code Annotated section 3-4-301(a)(9), which states that a permit must be revoked if the permittee receives renu-meration from any other retail liquor per-mittee. There was substantial evidence to support this finding based on the evidence presented to the Board. Further, as with the sales-tax issue, this alleged violation may be grounds for revocation of a permit, but it does not necessarily prevent Jame-son from obtaining inactive status in the absence of a revocation. As appellees assert, Gildehaus did not attempt to have Jameson’s permit revoked, nor did she timely challenge the Board’s decision to grant Jameson inactive status. Thus, the issue before the Board at the hearing in | mthis case was focused solely on .whether Moore should be allowed to receive a transfer of Jameson’s permit. Under these circumstances, the Board did not err in concluding that the issues raised by Gildehaus with respect to Jameson did not prevent the issuance of the transfer permit to Moore. Gildehaus’s remaining arguments relate to alleged violations of law by Moore in obtaining his transferred permit. She contends that he knowingly provided false statements "to the Board in his transfer application by representing that he owned the proposed premises when he did not; that he provided funds to Jameson, as was discussed above; and that he held an interest in two retail liquor permits at the same time. The Board addressed each of these arguments in its decision. With regard to Moore’s false statement in his "transfer application, Moore admitted at the hearing that he had misspoken when he indicated that he owned the premises. He explained that it was his original intention to own the property but that his wife and father-in-law instead formed an LLC to purchase the premises for financial reasons. The Board accepted this explanation and found that Moore did not intend to be deceitful. It is the prerogative of the agency to believe or disbelieve any witness and to decide what weight to accord the evidence. C.C.B. v. Ark. Dep’t of Health & Human Servs., 368 Ark. 540, 247 S.W.3d 870 (2007). Gildehaus’s argument related to the $4,000 received by Jameson is also without merit. Moore testified at the Board hearing- that he never received any direct or indirect benefit from Jameson pursuant to her retail liquor permit. As discussed above, the Board found that this money was merely a loan and did not constitute renumeration in violation of Arkansas Code Annotated section 3-4~301(a)(8). We give an administrative agency great Indeference when it comes to interpreting a statute or regulation that it is charged with administering, and we will not overturn such an interpretation unless it is clearly wrong. Seiz Co. v. Ark. State Hwy. & Transp. Dep’t, 2009 Ark. 361, 324 S.W.3d 336. I cannot say that the Board clearly erred in its interpretation of this statute. With regard to Gildehaus’s final contention, the Board found that Moore never held an interest in two retail liquor permits at the same time because he agreed to relinquish permit number 05013 when the Board approved his transfer request for permit number 05132. The Board further noted that Moore’s first permit was only conditional and that he never operated a retail liquor store under this permit. Thus, this case can be distinguished from Hewitt v. Gage, 257 Ark. 579, 519 S.W.2d 749 (1975), which is cited by Gildehaus, as Hewitt operated seven retail liquor outlets at the same time that he was requesting á transfer of a permit to a different location. Accordingly, because substantial evidence supports the Board’s decision to approve the transfer of permit number 05132, I concur with the majority’s affirmance of this case.