SLIP OPINION

Cite as 2016 Ark. 414

# SUPREME COURT OF ARKANSAS

No. CV–16–257

|  |  |  |
|---|---|---|
| SARAH C. GILDEHAUS | | **Opinion Delivered:** December 1, 2016 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [CV-2014-1385-4] |
| V. | | |
| ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD and CHRISTOPHER MOORE | | HONORABLE JOHN SCOTT, JUDGE |
| | APPELLEES | AFFIRMED; COURT OF APPEALS' OPINION VACATED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Sarah Gildehaus appeals the order entered by the Benton County Circuit Court dismissing her petition for judicial review of the decision of appellee, the Arkansas Alcoholic Beverage Control Board (Board), on the basis that she lacked standing. Gildehaus also contests the circuit court's alternative ruling that even if she did have standing, it would affirm the findings of the Board. For reversal, Gildehaus argues that (1) the circuit court erred in dismissing the amended petition based on a lack of standing; (2) the circuit court erred in refusing to consider the entire record on appeal; and (3) the circuit court erred in allowing the issuance of a retail liquor permit to appellee Christopher Moore, despite numerous violations of the law. We conclude that there is substantial evidence to support the Board's decision, and we affirm on this basis.

The facts in this case, which are essentially undisputed, are as follows. Michelle Jameson received Conditional Permit No. 05132 for a retail liquor store located at 2800

West Hudson Road, Suite D, in Rogers, Arkansas. She opened and operated her store, Spiriteaux Wine and Liquors, for one day, on December 11, 2013, when she sold one bottle of liquor. The Board subsequently granted approval to place Jameon's permit on inactive status on January 15, 2014. On February 24, 2014, Jameson applied to the Board to transfer her inactive permit to Moore, who was a friend and a previous employer, at a new location at 2001 S. Belleview Road in Rogers. At the time of the replacement notice, Moore already had one conditional liquor license, permit No. 05013, located at 2090 W. Pleasant Grove Road in Rogers. However, there was no building in which a liquor store could be operated at that location, and Moore agreed in a letter to the Board that he would relinquish this conditional permit upon approval of the transferred license from Jameson.

On April 17, 2014, the director of the ABC denied the request to transfer permit No. 05132 to Moore. Moore appealed to the Board, which held a hearing in September 2014. Jameson testified that she had borrowed $4,000 from Moore to rent the space in Rogers at which she opened her liquor store on December 11, 2013. She admitted that she did not have a sales-tax permit on that date, stating that she had applied for a permit but was later denied it on the basis that her liquor license was inactive by the time the application was reviewed. She introduced a receipt for the bottle of liquor that she sold on December 11, 2013, as well as pictures of her store that she had emailed to the Board inspector as he had instructed.

Moore testified that on the application to transfer Jameson's license, he had indicated that he was the owner of the premises where the store was to be located. He explained, however, that although he had originally believed that he would be an owner of the

property, his wife and his father-in-law had instead formed Eleanor Holdings, LLC, to buy the building for financial reasons. Moore stated that he planned to lease the property from Eleanor Holdings.

Following the hearing, the Board unanimously approved the transfer of permit No. 05132 to Moore in a decision filed on September 17, 2014. The Board found that Moore was qualified to replace Jameson as holder of permit No. 05132 on the condition that he contemporaneously relinquish any interest he had in permit No. 05013. The Board further found that the new location met the public convenience and advantage requirements found in Arkansas Code Annotated section 3-4-208(g) (Repl. 2008) and in the applicable Alcoholic Beverage Control (ABC) regulations. Gildehaus timely filed a petition for judicial review on October 13, 2014, and she filed an amended petition on December 18, 2014.

Following a hearing before the circuit court on March 9, 2015, as well as posttrial briefs filed by the parties, the circuit court entered its decision on April 15, 2015. The court sua sponte found that Gildehaus lacked standing to challenge the Board's decision and dismissed her petition. The court further found that, even if Gildehaus did have standing, there was substantial evidence to support the Board's decision to allow the transfer of permit No. 05132 to Moore. Gildehaus appealed the circuit court's decision to the court of appeals, which affirmed the circuit court's dismissal of her petition due to lack of standing. *Gildehaus v. Ark. Alcoholic Beverage Control Bd.*, 2016 Ark. App. 160.

Gildehaus filed a petition for review with this court, which we granted on June 23, 2016, and the case is now before us. When we grant a petition for review, we treat the

appeal as if it had been originally filed in this court. *Holland v. State*, 2015 Ark. 341, 471 S.W.3d 179.

On appeal, our review is directed toward the decision of the administrative agency, rather than the decision of the circuit court. *Ark. Beverage Retailers Ass'n v. Langley*, 2009 Ark. 187, 305 S.W.3d 427. Considerable deference is accorded the decision of the administrative agency in part because these agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. *Ark. State Hwy & Transp. Dep't v. Lamar Advantage Holding Co.*, 2011 Ark. 195, 381 S.W.3d 787. As with all appeals from administrative decisions under the Administrative Procedure Act (APA), the circuit court or appellate court may reverse the agency decision if it concludes that the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error or law; (5) not supported by substantial evidence of record; or (6) arbitrary, capricious, or characterized by abuse of discretion. *Walker v. Ark. State Bd. of Educ.*, 2010 Ark. 277, 365 S.W.3d 899; Ark. Code Ann. § 25-15-212(h) (Repl. 2014).

In her first point on appeal, Gildehaus argues that the circuit court erred in dismissing her amended petition based on a lack of standing. We agree with Gildehaus on this issue



and instead focus on her remaining arguments with respect to the circuit court's alternative finding that the Board's decision was supported by substantial evidence.[1]

Gildehaus's first argument in this regard is that the circuit court erred in refusing to consider the entire record on appeal in reaching its decision. She bases this contention on the fact that the circuit court sustained several objections by appellees to testimony about Jameson's failure to obtain a sales-tax permit before opening her liquor store for one day. Appellees had argued that this evidence was not relevant to the issue of whether Moore should have been issued the transfer permit and that the evidence was not considered by the Board. The circuit court agreed and limited Gildehaus to testimony concerning the transfer.

---

[1] In her amended petition for review, Gildehaus alleged that Moore had been granted a second conditional retail permit for a location that was within three miles of her liquor store, that he was a competitor of hers, and that, as a result, this had caused her to suffer injury. In his answer, Moore did not deny Gildehaus's allegation that she had standing. Under the APA, "any person, except an inmate under sentence to the custody of the Department of Correction, who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter." Ark. Code Ann. § 25-15-212(a). In *Arkansas Beverage Retailers Ass'n, Inc. v. Moore*, 369 Ark. 498, 506, 256 S.W.3d 488, 494 (2007), we held that "so long as an individual considers his or her legal rights violated or considers himself or herself harmed or damaged, has been adversely affected or aggrieved by the agency action, has a personal stake in the outcome of the controversy, and can demonstrate a concrete, specific, real, and immediate injury by the agency's final action, that individual is entitled to judicial review of that agency action." Gildehaus's petition was sufficient to allege standing pursuant to section 25-15-212(a), and this allegation was not challenged by Moore or by the Board. The circuit court erred by raising the issue sua sponte and finding that it lacked jurisdiction to consider the petition, as we have previously held that the issue of standing is not akin to subject-matter jurisdiction; instead, it is a defense that may be waived by the parties. *Chubb Lloyds Ins. Co. v. Miller Cty. Circuit Court*, 2010 Ark. 119, 361 S.W.3d 809.

Gildehaus argues that the circuit court erred in its ruling and that even if this evidence was not required to be considered, appellees opened the door to its admission by presenting argument regarding the sales-tax issue. However, as noted above, our review on appeal is directed only at the decision of the administrative agency, not that of the circuit court. *Ark. Beverage Retailers Ass'n v. Langley*, *supra*. Thus, any alleged error by the circuit court in this regard is irrelevant to our decision, and there is no need to address the merits of this argument. *See Mountain Pure, LLC v. Little Rock Wastewater Util.*, 2011 Ark. 258, 383 S.W.3d 347 (stating that because we review the agency's decision on appeal, an evidentiary decision by the circuit court presents no justiciable issue for determination by this court).

Gildehaus next contends that the Board erred in allowing the issuance of the transfer permit to Moore where both Moore and Jameson had violated applicable law and regulations. Specifically, Gildehaus argues that (1) Jameson did not possess an Arkansas sales-tax permit, and, as a result, she did not legally transact business for a day; (2) Jameson never paid the sales tax on the liquor she sold; (3) Jameson received funds to pay her rent from Moore, another retail liquor permittee; (4) Moore knowingly provided a false statement on his transfer application; (5) Moore provided funds to Jameson, another retail liquor permittee; and (6) Moore held an interest in two retail liquor permits at the same time.

Gildehaus's first three arguments are related to whether Jameson properly complied with the applicable regulations and laws such that she was entitled to have the Board grant inactive status to her permit. However, as appellees assert, Jameson's permit was placed on inactive status on January 15, 2014, and Gildehaus did not challenge that decision. It was not until March 20, 2014, after Jameson had applied with the Board to transfer her inactive

permit to Moore, that Gildehaus filed an objection to the issuance of the replacement permit. The Board correctly notes that, procedurally, it could not have revoked Jameson's license at the September 2014 hearing even if there had been grounds to do so because Jameson was not a party to that proceeding, and she had received no notice that her permit was subject to revocation, as required under Ark. Code Ann. § 25-15-208. Instead, the question before the Board in this proceeding was whether Moore was qualified to replace Jameson as the permittee. Thus, the issues of whether Jameson had received a sales-tax permit before opening for one day on December 11, 2013, whether she had paid the sales tax on her sale of one bottle of liquor, and whether she had improperly received funds from Moore to pay her rent are not proper grounds upon which the Board's decision to issue the transfer permit to Moore could be reversed.

Furthermore, the Board found no merit to Gildehaus's argument that Jameson's permit could not be transferred to Moore due to her failure to obtain a sales-tax permit or to pay sales tax before her permit was placed on inactive status. While Jameson admitted that she did not have a sales-tax permit when she opened her store on December 11, 2013, she indicated that she had applied for the permit on December 4, 2013, that she had collected $3.00 in sales tax on her sale of one bottle of liquor, and that she had not remitted the tax only because the Department of Finance and Administration had rejected her application due to her permit's inactive status by the time it was reviewed. Gildehaus cites to Arkansas Code Annotated sections 26-52-201(a) and 26-52-205, which provide, respectively, that it is unlawful to transact business without a sales-tax permit and that the permit must be conspicuously displayed at the place of business. She also cites to Arkansas

Code Annotated section 3-4-301(a)(7) and (b) (Supp. 2015) and Arkansas Code Annotated section 3-2-205(e)(1), which state that a permit may be revoked for the failure to pay any license or permit tax, such as sales tax. However, Gildehaus failed to raise any of these alleged violations of these specific statutes to the Board; thus, her arguments are not preserved for appellate review. *Moore, supra*. The Board found that Jameson had satisfied its requirements for being placed in inactive status, including with regard to opening her store for at least one day, noting that it was up to the Department of Finance and Administration to decide whether she had properly paid her sales taxes. This finding by the Board is not clearly erroneous.

Gildehaus next argues that Moore was not qualified to receive Jameson's transfer permit because he had loaned Jameson $4,000 while also possessing his own liquor permit. Gildehaus contends that this loan violated Arkansas Code Annotated section 3-4-301(a)(8) and (9), which prohibit a retail liquor store permittee from directly or indirectly receiving remuneration from any other retail liquor permittee or from an individual, firm, or corporation that has a direct or indirect pecuniary, proprietary, or financial interest in the creation, establishment, operation, or contractual branding of another permitted liquor establishment. Gildehaus again failed to raise this specific argument to the Board or obtain a ruling on it; thus, the issue is not preserved for our review. *Moore, supra*.

Gildehaus also argues that Moore made a materially false statement in his application to the Board when he indicated that he owned the property where the liquor store would be operated. As Gildehaus asserts, Arkansas Code Annotated section 3-4-301(a)(2) provides that a permit must be revoked for making any false material statement in an application for

a permit. In addition, ABC Regulations also prohibit knowingly false statements on an application for a permit.

At the hearing, Moore admitted that he had stated in his application that he owned the property; however, upon further questioning, he explained that it was in fact his intent to own the property at the time he completed the application but that his wife and father-in-law later decided for tax reasons to buy the property via their newly formed limited liability company. Moore testified that he was now renting the property from that company. The Board was obviously satisfied that Moore's explanation was credible and that he did not make a false material statement in his application that would defeat the transfer of the permit. It is the prerogative of the agency to believe or disbelieve any witness and to decide what weight to accord the evidence. *C.C.B. v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 540, 247 S.W.3d 870 (2007).

Gildehaus's final contention is that Moore was disqualified from receiving the transferred permit because he held an interest in two liquor permits at the same time in violation of Arkansas Code Annotated section 3-4-205(b)(1)(A). This statute states that "[n]o retail liquor permit shall be issued, either as a new permit or as replacement of an existing permit, to any person, firm, or corporation if the person, firm, or corporation has any interest in another retail liquor permit, regardless of the degree of interest."

Gildehaus bases her argument on the fact that Moore held conditional permit No. 05013 at the same time that Jameson submitted the replacement notice for permit No. 05132. Gildehaus contends that this replacement notice gave Moore permission to operate on Jameson's permit as of the date of the notice, on February 24, 2014. The Board rejected

this argument, however, finding that Moore's original permit was only a conditional permit and that he had never operated a liquor store under that permit. Furthermore, Moore expressed his intention to contemporaneously relinquish any interest he had in permit No. 05013 upon the Board's issuance of permit No. 05132.

Gildehaus cites to *Hewitt v. Gage*, 257 Ark. 579, 519 S.W.2d 749 (1975), in support of her argument that Moore should be disqualified due to his interest in more than one permit. *Hewitt*, however, is distinguishable, as the appellant in that case operated seven liquor stores and wanted to transfer one of the permits to a different location. This court held that the transfer was prohibited because of the appellant's interest in multiple retail liquor permits. *Id*. Here, Moore never held an interest in more than one retail liquor permit at the same time. Accordingly, there was substantial evidence to support the Board's finding that Moore was qualified to replace Jameson as the holder of permit No. 05132.

Affirmed; court of appeals' opinion vacated.

Special Justice STEVEN BROOKS joins this opinion.

DANIELSON, J., not participating.

*Steel, Wright & Collier, PLLC*, by: *Jeremy Y. Hutchinson*, for appellants.

*Mary Robin Casteel*, Arkansas Alcoholic Beverage Control Administration, for appellee.